[Crim. No. 2795. Third Dist. Sept. 4, 1958.]

THE PEOPLE, Respondent, v. LLOYD HUSTON, Appellant.

David G. McInnes, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William O. Minor, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—Lloyd Huston was charged with the crime of robbery, the information alleging that he forcibly took from the person of one Earl Zumwalt $70 in money and a Bulova wrist watch of the value of $50 by means of force and fear. Defendant pleaded not guilty and was found guilty by the jury of the crime of robbery in the first degree. His application for probation and his motion for a new trial were denied and judgment was pronounced. He has appealed from the judgment and from the order denying his motion for a new trial.

Appellant wrote a letter to this court in which he attempted to set forth what he considers to be errors occurring during the course of the trial, and also stating that he did not have an attorney. This court appointed Mr. David G. McInnes, of the Sacramento Bar, to represent appellant on appeal. Mr. McInnes has informed this court that after a thorough review of the record it is his opinion that appellant had a fair trial and that there is no merit to this appeal.

Earl Zumwalt testified that he arrived in Willits, California, December 14, 1956, for a two-day holiday. After getting a room he went to Manney's, a bar, for a few drinks. He was in and out of Manney's bar all afternoon and had several

beers. During this time he cashed a check which gave him a total of about $90 which he placed in his two front pockets. He met three women in Manney's, bought them drinks, and was generally careless with his money. The group attended various bars during the afternoon and were at Manney's or John's Lodge when appellant joined them. Zumwalt asked one of the women to drive him to Laytonville, but appellant told him that all the woman wanted was his money and that he would take him there in his car. Zumwalt left with appellant later in the evening.

At the time he had about $70 in his pockets, and his Bulova wrist watch. About 4 to 6 miles north of Willits appellant stopped at a wide spot in the road, pulled out a knife and stuck Zumwalt with it. Appellant said "let's have it" and when Zumwalt replied "what are you talking about?" appellant said "the money." The knife was a large hunting knife with a single blade, and when Zumwalt attempted to slap it aside his thumb was cut. Appellant took Zumwalt's watch off his arm. He bent the victim over the seat, held the knife on him, scratched his neck and reached into his pockets and took out the money. He said he should kill Zumwalt. Appellant made Zumwalt take off his shoes and belt, took some keys in Zumwalt's possession and after some time left the victim standing in the road.

After being picked up by a passing motorist, Zumwalt was taken to the police station in Willits and from there to the hospital where he was treated for a lacerated thumb. He had blood all over him. He immediately complained of the robbery to the police.

Appellant was arrested February 10, 1957, and two days later a police officer found the victim's watch on a woman at the residence of appellant.

Defendant testified that he drove Zumwalt toward Laytonville and they argued as to who would pay for the gasoline for the trip; that suddenly Zumwalt hit him in the chest, and to protect himself he reached for a knife which he had in the glove compartment; that while he was withdrawing the knife Zumwalt reached for it and cut himself; that he started to push Zumwalt and they scuffled, and during the scuffle the band on Zumwalt's watch broke and the watch fell to the seat of the car; that Zumwalt reached into his own pocket and threw the bills on the seat. Defendant contended that he did not know the denomination of the bills. He denied any intent to rob

Zumwalt. He asserted that he later attempted to locate Zumwalt for the purpose of returning his property.

■ The evidence as related is sufficient to sustain the judgment. "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (Pen. Code, § 211.) The evidence discloses that money and a watch were taken from Zumwalt's possession by appellant. There is evidence that appellant used a knife in order to effectuate the crime. This is sufficient to satisfy the requirement of force. Appellant's testimony merely raised a conflict for the jury to resolve.

■ Appellant, in his letter to the court, states that the court refused to permit his witnesses to testify. The only instance appearing in the record to which this statement could refer is when Mr. Osborne, a witness for the defense, was asked: "Did the defendant ever at any time make any statement to you concerning some property he had?"

An objection that the question called for a self-serving, hearsay declaration of the defendant was sustained. In his offer of proof appellant's counsel explained that he wanted to show that the "defendant stated to various persons that he sought the owner of this property in order that it may be returned." Since these statements were offered to prove the truth of the matter asserted in the statements themselves, they were clearly inadmissible hearsay. (1 Wharton's Criminal Evidence (1955 ed.), § 249; *Estate of Gaines,* 15 Cal.2d 255, 261 [100 P.2d 1055]; *People* v. *King,* 140 Cal.App.2d 1, 5 [294 P.2d 972].) No possible error could be predicated on this ruling.

■ Appellant also contends in his letter that he has witnesses who can show that some of the statements made during the trial were slightly if not grossly wrong. This concerns matters outside of the record and cannot be reviewed on this appeal. Appellant also contends that the deputies told him that he would get a phony trial. This, too, concerns a matter which does not appear in the record and cannot be reviewed herein.

■ The final contention in appellant's letter is that one of the jurors did not reside in the county. There is nothing in the record to support this contention. The record shows that the prospective jurors were examined on voir dire and that no objection to the alleged nonresident juror was made. An objection made after the trial is too late. (*People* v.

*McFarlane,* 138 Cal. 481, 490 [71 P. 568, 72 P. 48, 61 L.R.A. 245]; 29 Cal.Jur.2d, Jury, § 35, p. 533.)

After a careful review of the entire record we are satisfied that the appellant received a fair trial, that the jury was fully and correctly instructed, and that the evidence supports the judgment.

The judgment and the order are affirmed.

Peek, Acting P. J., and Warne, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.