Opinion
 

 KAUS, P. J.
 

 A one-count information charged defendant with a violation of section 12021 of the Penal Code. The county public defender was appointed to represent defendant who pleaded not guilty. A motion under section 1538.5 was eventually denied. After the denial the previously entered plea was withdrawn and defendant pleaded guilty to the offenses charged. Eventually defendant was placed on probation. He appealed. At his request for counsel on appeal we appointed the State Public Defender.
 

 
 *129
 
 On January 9, 1978, the State Public Defender filed a brief in which he analyzed the facts as they appeared at the section 1538.5 hearing. There the prosecutor’s case was that a vehicle in which defendant had been driving was properly stopped for an equipment violation and that when defendant appeared to reach toward his waistband, one of the officers felt that defendant was reaching for a weapon which was soon discovered. The defense version was that defendant had not been driving the car and that he and the driver were simply the victims of a roust. The trial court resolved whatever conflicts there were in favor of the People.
 

 Appointed counsel filed a declaration in which he described his search for other arguable issues and, having discovered none, requested that he be relieved and that his client be given an opportunity to file a brief of his own under the principles of
 
 Anders
 
 v.
 
 California
 
 (1967) 386 U.S. 738, 744 [18 L.Ed.2d 493, 498, 87 S.Ct. 1396] and
 
 People
 
 v.
 
 Feggans
 
 (1967) 67 Cal.2d 444, 447 [62 Cal.Rptr. 419, 432 P.2d 21]. That has been done, although defendant has not availed himself of the opportunity to file a brief.
 

 We might point out that appellate counsel who eschews manufacturing issues where none exists achieves a real benefit for his client. Here, in order to comply with the mandate of
 
 Anders-Feggans
 
 we carefully considered the record before advising defendant that he could file his own brief and before filing this opinion dismissing the case. In doing so we reviewed not only those portions of the record which counsel discussed but the entire record—an inspection we are not compelled to make when counsel only raises specific issues on appeal. An attorney who cannot discover an arguable issue thus secures an appellate review of the record which is not necessarily enjoyed by his more feisty counterpart who raises one or two frivolous issues, easily disposed of by the inspection of a few pages of transcript.
 

 The appeal is dismissed.
 

 Ashby, J., and Hastings, X, concurred.