[Crim. No. 13075. Fourth Dist., Div. One. Apr. 28, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY LEE LOGAN, Defendant and Appellant.

COUNSEL

Floyd J. Siegal, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Steven V. Adler and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WIENER, J.**—Anthony Lee Logan's appeal requires our review of the trial court's evidentiary ruling, involving the genus *Beagle*,[1] specie *Moultrie*,[2] *Betts*,[3] *Barrick*[4] and *Thompson*.[5] We conclude the most

---

[1] *People* v. *Beagle* (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1].

[2] *People* v. *Moultrie* (1979) 99 Cal.App.3d 77 [160 Cal.Rptr. 51].

[3] *People* v. *Betts* (1980) 110 Cal.App.3d 225 [167 Cal.Rptr. 768].

[4] *People* v. *Barrick*, Crim. 22389, hearing granted December 16, 1981.

[5] *People* v. *Thompson*, hearing granted January 27, 1982.

productive approach is to avoid adding another chapter to the tome already written on this subject, preferring to await resolution of this issue by the Supreme Court in *Barrick/Thompson.* For the purpose of this opinion only, we will reject *Moultrie* and assume error in the court's denial of defendant's *Beagle* motion which would have allowed the prosecutor to ask Logan, if he decided to testify, whether he had ever been convicted of a felony involving theft. We focus only on whether this error was prejudicial. ■ As we shall explain, even though the erroneous ruling prevented Logan from testifying, we decide the error was not prejudicial and affirm the judgment.

The testimony of four witnesses in this one-day jury trial established the following.

On July 31, 1980, at about 11 a.m., Logan entered Larry's Liquor Mart in La Habra. At the counter he asked the clerk, John Reid, for a package of cigarettes. When Reid placed the cigarettes on the counter, Logan pulled a knife from underneath his shirt and told Reid to "give me your money." Reid took the money out of the registers and placed it into a brown paper bag. Logan fled.

After Logan left, the police were called. Richard Sallter told the police the license number of the car in which he saw the man drive away was NPB 403. Police officer Spalding heard the radio broadcast concerning the robbery. He spotted a car matching the description bearing license NPB 403; he gave chase. The brief pursuit ended when the car being chased struck another vehicle. The driver, Logan, was arrested. A paper bag with $171 and a knife were found in his car. Logan confessed.

Out of the presence of the jury, Logan admitted his earlier 1976 conviction for armed robbery. In denying Logan's *Beagle* motion, the court ruled he could be asked whether he had ever been convicted of a felony involving theft. As a result, Logan did not testify.

The Supreme Court in *People v. Fries* (1979) 24 Cal.3d 222 [155 Cal.Rptr. 194, 594 P.2d 19] and *People v. Spearman* (1979) 25 Cal.3d 107 [157 Cal.Rptr. 883, 599 P.2d 74], examined the impact of an erroneous trial court *Beagle* ruling which prevented a defendant from testifying. In *Fries* the court said, "this court has no clue as to what appellant's testimony would have been had he testified. Absent any basis for concluding that such testimony would not have affected the result, 'the

court is of the opinion "that it is reasonably probable that a result more favorable to [appellant] would have been reached in the absence of this error."'" (At pp. 233-234.) In *Spearman*, after reviewing potentially exculpatory testimony which the defendant might have presented, the court stated: "'[E]rrors at a trial that deprive a litigant of the opportunity to present his version of the case ... are ... ordinarily reversible, since there is no way of evaluating whether or not they affected the judgment.' [Citation.] A conviction under such circumstances is a 'miscarriage of justice' within the meaning of article VI, section 13 of the California Constitution. [Citations.]" (25 Cal.3d at p. 119.)

Not every case falls within these holdings. There are those exceptional cases even where the defendant does not testify where *Beagle* error will be harmless. One such case is *People* v. *Betts, supra*, 110 Cal.App. 3d 225, 231. Another is the case before us.

Here, Logan was identified at trial by the person he robbed. Intrigued by Logan's midsummer apparel, he was wearing a ski cap, a witness jotted down the license number of the vehicle in which he drove away. In attempting to elude the police, the car was stopped only by crashing into another vehicle. In the car, the police found the loot. Logan confessed.

On these facts, search as we might, we are unable to discern any potentially favorable defense. We therefore conclude that it is not reasonably probable that a result more favorable to Logan would have been reached in the absence of the error.

Logan also contends equal protection requires our independent review of this record for additional arguable issues. (See *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].) We reject his contention under *People* v. *Johnson* (1981) 123 Cal.App.3d 106, 110 [176 Cal.Rptr. 390].[6]

---

[6]The apparent peremptory treatment of this issue should not connote lack of concern on our part on the enormity of the problem which defense counsel has stressed in his brief and at oral argument. Because of our intermediate appellate role, however, we believe the only possible response which we may make to counsel's plea consistent with the adversary system within which we must function is to empathize with defense counsel's dilemma while nevertheless remaining confident that those members of the bar who are willing to serve as appointed counsel in criminal appeals will resolve that dilemma by hewing to their professional responsibilities regardless of the temptation of the perceived benefits of doing otherwise.

*Disposition*

Judgment affirmed.

Cologne, Acting P. J., and Work, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 22, 1982.