[Crim. No. 39891. Second Dist., Div. Five. June 28, 1982.]

In re EDWARD S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
EDWARD S., Defendant and Appellant.

COUNSEL

Floyd J. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Robert F. Katz and Gary R. Hahn, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ASHBY, J.—In proceedings under section 602 of the Welfare and Institutions Code, the juvenile court found that appellant committed robbery and assault with a deadly weapon on Carl Glatthorn (Pen. Code, §§ 211, 245, subd. (a)) and that appellant drew a knife on Donald Cress in a threatening manner (Pen. Code, § 417, subd. (a)). Appellant was committed to the Youth Authority.

At about 8:15 on the evening of September 26, 1980, Donald Cress, assistant produce manager of the Safeway store on Vineland in Sun Valley, observed appellant walking out the door of the store with batteries for which he had not paid. When Mr. Cress asked to see appellant's receipt, appellant pulled a hunting knife out of his pocket and waved it at Cress. Fearing injury, Mr. Cress jumped back and told appellant to get out.

At the laundromat a few doors north of the Safeway store Carl Glatthorn had a $1 bill in his hand to place in a change machine. Suddenly he felt a sharp pointed object in his back. Appellant said, "Give me the money." Mr. Glatthorn was afraid. Appellant grabbed the dollar bill and left.

Appellant was arrested in the same neighborhood at 9 p.m. because he fit the description of the suspect in the Safeway and laundromat incidents. In his pockets he had a hunting knife, Safeway batteries, and a $1 bill.

### Sufficiency of Evidence

■ Contending that the victim Glatthorn did not see the sharp pointed object he felt in his back, appellant argues the evidence is insufficient to show that appellant assaulted him with a knife. However, the circumstantial evidence shows that the object was a knife. (*People v. Hayes* (1971) 19 Cal.App.3d 459, 467 [96 Cal.Rptr. 879].) Only seconds before the laundromat robbery, appellant waved a knife at Mr. Cress. Appellant was in possession of the same knife when arrested in the neighborhood 45 minutes after the robbery.

■ Next, pointing to the evidence that Mr. Glatthorn had a dollar bill in his hand which appellant "grabbed," appellant argues the evidence is insufficient to support a finding of robbery, and that it shows at most a snatch, a grand theft from the person. (Pen. Code, § 487, subd. 2.) This argument overlooks the evidence that before grabbing the money appellant put a knife to the victim's back and said, "Give me the money," and that the victim was afraid. The evidence is sufficient to show a taking of property by force or fear. (Pen. Code, § 211; *People v. Huston* (1958) 163 Cal.App.2d 363, 365, 366 [329 P.2d 334]; *People v. Welch* (1963) 218 Cal.App.2d 422, 423 [31 Cal.Rptr. 926]; *People v. Lescallett* (1981) 123 Cal.App.3d 487, 491-492 [176 Cal.Rptr. 687].)

### Wende

■ Appellant is represented on appeal by court-appointed counsel. After setting forth his arguments and authorities concerning sufficiency of the evidence, counsel's brief requests this court "to undertake an independent review of the record to determine for itself whether any additional arguable issues exist," citing *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]. We decline this undertaking. The requirements of *Wende* come into play only when "appointed counsel submits a brief which raises *no* specific issues or describes the appeal as frivolous." (*Id.*, 25 Cal.3d at p. 441; italics added.) Since the brief in this case argues two specific issues, *Wende* is inapplicable. (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109-110 [176 Cal.Rptr. 390].)

Counsel contends that appellant should be entitled both to review of the contentions presented by counsel and an independent review of the record by the court. He contends it is unconstitutional to deny appellant the "benefit" of an independent review by the court even though counsel

has been able to find specific issues to argue. This precise contention was rejected in *People* v. *Johnson, supra*, 123 Cal.App.3d at p. 110 (hg. den.). The indigent appellant whose counsel can find no arguable issues is not similarly situated to the indigent appellant whose counsel can find arguable issues. (*Id.*) Although one has the benefit of the court's independent review, the other has the benefit of counsel's arguments. When counsel raises specific issues in the brief, the pertinent portions of the record are pointed out, the relevant legal authorities are collected, and, above all, the arguments for the appellant are forcefully *advocated* by counsel. (*In re Smith* (1970) 3 Cal.3d 192, 197 [90 Cal.Rptr. 1, 474 P.2d 969].) By contrast, where a no-issue *Wende* brief is filed, the court's review is unguided and undirected and is not initiated from the point of view of an advocate. (*In re Smith, supra*, at p. 203; *People* v. *Von Staich* (1980) 101 Cal.App.3d 172, 174-176 [161 Cal.Rptr. 448].)

CREDIT

■ In computing appellant's maximum period of confinement, the juvenile court gave appellant credit for 143 days of confinement time. (*In re Eric J.* (1979) 25 Cal.3d 522, 536 [159 Cal.Rptr. 317, 601 P.2d 549].) However, the court also gave additional credit for "good time." The disposition in this case occurred prior to *In re Ricky H.* (1981) 30 Cal.3d 176, 185-190 [178 Cal.Rptr. 324, 636 P.2d 13], in which the Supreme Court held that juveniles are not entitled to conduct credit for pretrial confinement. Since the additional credit is not authorized by law, the judgment should be modified accordingly.

The judgment is modified to provide that the minor has credit for 143 days of time served. As so modified, the judgment is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.