[Civ. No. 69035. Second Dist., Div. Five. May 9, 1984.]

In re ADRIAN O. et al., Minors.
COUNTY OF LOS ANGELES DEPARTMENT OF ADOPTIONS,
Petitioner and Respondent, v.
GUADALUPE O., Objector and Appellant.

632

## COUNSEL

Robert M. McMahon, under appointment by the Court of Appeal, for Objector and Appellant.

De Witt W. Clinton, County Counsel, and Larry Cory, Deputy County Counsel, for Petitioner and Respondent.

## OPINION

**STEPHENS, J.**—Appellant, Guadalupe O., the mother of minors Adrian O. and David O. (hereinafter appellant), appeals from a judgment in favor

of respondent, the County of Los Angeles Department of Adoptions (hereinafter respondent), declaring that appellant's children should be free from her custody and control. That judgment also terminated her parental rights.

Appellant, designated an indigent by the court in all proceedings below, contends that the $200 filing fee paid by her in this action must be refunded. We agree, and order the fee returned. We also find that the remainder of her appeal lacks merit.

On January 24, 1977, David O. was declared a dependent child of the juvenile court pursuant to Welfare and Institutions Code section 300, subdivisions (a) and (d).

On June 8, 1979, David's brother, Adrian O., was also declared a dependent child of the court pursuant to section 300, subdivision (a), of the Welfare and Institutions Code. Both children remained dependents of the court until May 1982.

On May 21, 1982, respondent filed a petition pursuant to Civil Code section 232, subdivision (a), subparagraphs (1), (2), (6) and (7), to declare the children free from their mother's care, as well as the care of two other persons.[1]

On September 28, 1982, the cause was called for trial with appellant being represented by court-appointed counsel.

In October of 1982, judgment was rendered in which it was determined that it would be detrimental to the children to be returned to their parents. Accordingly, and in reliance on Civil Code section 232, subdivision (a)(7), the minors were declared free from their parents' control.

Appellant thereafter filed a proper notice of appeal from the judgment. The appeal also included a statement of indigency.

On December 20, 1982, the court found the mother to indeed be an indigent. Preparation of a clerk's and reporter's transcript was thereafter ordered by the court at no cost to appellant.

On March 22, 1983, appellant paid a fee of $200 for filing a notice of appeal. On July 25, 1983, appellant filed a petition to proceed in forma pauperis. That petition was granted and appellate counsel was appointed.

---

[1]The petition also sought to have the minors released from the care and custody of David O. and Jim C., both of whom have been implicated as the possible father of the children.

■ Appellant contends she is entitled to a refund of the $200 fee as that fee was erroneously required. As support for this contention, she refers us to the appellate court's inherent power to waive the requirement of payment of fees. (*Ferguson* v. *Keays* (1971) 4 Cal.3d 649, 658 [94 Cal.Rptr. 398, 484 P.2d 70].) Respondent counters the argument by insisting that no code section is applicable to the situation where an appellant has paid an appellate court filing fee and later desires a refund of that fee based upon a finding of indigency.

■ The court in *Ferguson* denoted certain minimum requirements that should be met by an applicant who seeks to be excused from having to pay a filing fee. "[T]he applicant should, at a minimum, submit (1) the certificate of his counsel, declaring that he is familiar with the facts underlying the action or appeal, that in his opinion his client's contentions have merit, and that the action or appeal is brought in good faith and not for purposes of delay or harassment, and (2) the declaration of the applicant, executed under penalty of perjury, stating that he is unable to pay the requisite filing fee without depriving himself or his dependents of the necessaries of life, and briefly setting forth the facts which disclose his indigence." (*Ferguson* v. *Keays, supra,* 4 Cal.3d at p. 658.)

■ Respondent argues that because appellant's court-appointed counsel states on this appeal that he has been unable to find any arguable contentions to raise, a refunding of the filing fee is inappropriate since the minimum requirement of *Ferguson* has not been met.

We disagree. *Ferguson* discusses a minimum requirement of a counsel's certificate declaring that he is familiar with the facts and finds that the client's contention has merit.

In this instance, appellant was acting in propria persona on her appeal. Counsel was appointed by the court some four months after the payment of the fee. Obviously, prior to the date of appointment, it was impossible for counsel to make a declaration as required by *Ferguson* since counsel was not acting in a representative capacity at the time the fee was paid. In any event, good cause to excuse the payment existed. This is evidenced by the trial court's finding of indigency. Appellant's failure to assert her indigency is not fatal considering her in propria persona status. Furthermore, the fact that appellant paid the $200 fee is no bar to recovery. The trial court's finding of indigency remains uncontested. Payment of the fee in this instance does not evidence nonindigency. Accordingly, and in conformance with the liberal policy to provide in propria persona indigents full access to the courts, we find that the payment of the $200 filing fee should not have been required.

We next briefly address the question of the merits or lack thereof of the remainder of the appeal presented by appellant. In this action, counsel was appointed on appeal. Counsel thereafter filed a brief which raised no specific issues other than the one noted above. We reviewed the record and tentatively reached the conclusion that the appeal did not present any arguable issues. We so informed appellant, who filed a reply brief. Again we reviewed the record and found that neither her reply brief nor the record raises any other specific issues. (See *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].) Therefore, with respect to the remainder of appellant's appeal, the judgment is affirmed. Otherwise, it is ordered that the $200 filing fee paid by appellant is to be refunded to her. Appellant to recover costs.

Feinerman, P. J., and Ashby, J., concurred.