[No. A031611. First Dist., Div. Four. Aug. 25, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY WOODARD, Defendant and Appellant.

**COUNSEL**

Thomas A. Seaton, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**CHANNELL, J.**—A jury found appellant Anthony Woodard guilty of robbery in an inhabited dwelling (Pen. Code, § 211), first degree burglary (Pen. Code, § 459), assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), and false imprisonment (Pen. Code, § 236). It also found that appellant used a knife during the commission of the robbery, burglary, and false imprisonment (Pen. Code, § 12022, subd. (b)). The superior court sentenced appellant to state prison for seven years.

Appellant's court-appointed counsel filed a brief which specifically argued that appellant was improperly sentenced and also urged this court to review the record pursuant to *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071], to determine if there were other arguable issues. Subsequently, the trial court corrected the sentencing error on its own motion while the Attorney General also conceded that appellate counsel had in fact raised a meritorious issue regarding sentencing. ■ In a reply brief appellate counsel contends that even if appellant was not entitled to a *Wende* review at the outset of the case, he is so entitled now, because: "[s]ince the judgment has been modified prior to any consideration of the issue by this Court, this Court is now faced with a pure *Wende* appeal." We hold that appellant is not entitled to a *Wende* review.

In *People* v. *Wende,* the Supreme Court held that a Court of Appeal was required "to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (25 Cal.3d at p. 441.) The Supreme Court further declared: "We recognize that under this rule counsel may ultimately be able to secure a more complete review for his client when he cannot find any arguable issues than when he raises specific issues, for a review of the entire record is not necessarily required in the latter situation." (25 Cal.3d at p. 442.) Neither equal protection nor other constitutional grounds mandate such a review. (*People* v. *Johnson* (1981) 123 Cal.App.3d 106, 110 [176 Cal.Rptr. 390]; *In re Edward S.* (1982) 133 Cal.App.3d 154, 157-158 [183 Cal.Rptr. 733]; *People* v. *Logan* (1982) 131 Cal.App.3d 575, 578, fn. 6 [182 Cal.Rptr. 543].)[1]

Thus, no *Wende* review is made if counsel's brief presents "a substantive issue" which if resolved favorably to the appellant would result in either "a reversal or a modification of the judgment." (*People* v. *Johnson, supra,* 123 Cal.App.3d 106, 109-110.) This includes a "legitimate issue" involving sentencing (*People* v. *Skenandore* (1982) 137 Cal.App.3d 922, 924 [187 Cal.Rptr. 368]), or "specific issues" (*In re Edward S., supra,* 133 Cal.App.3d 154, 158). Indeed appellate courts refuse to engage in a *Wende* review even if counsel only "'. . . raises one or two frivolous issues, easily disposed of by the inspection of a few pages of transcript.'" (*People* v. *Johnson, supra,* 123 Cal.App.3d at p. 111, citing *People* v. *McGee* (1978) 82 Cal.App.3d 127, 129 [146 Cal.Rptr. 833]; see also *In re Edward S., supra,* 133 Cal.App.3d at p. 157 [no *Wende* review when counsel raised two weak, seemingly frivolous, sufficiency-of-the-evidence issues].)

Moreover, although *Wende* has been expanded to cover dependency proceedings under Welfare and Institutions Code section 300 (*In re Brian B.* (1983) 141 Cal.App.3d 397 [190 Cal.Rptr. 153]), proceedings to terminate parental custody and control under Civil Code section 232 (*In re Joyleaf W.* (1984) 150 Cal.App.3d 865, 868-869 [198 Cal.Rptr. 114]), misdemeanors (*In re Olsen* (1986) 176 Cal.App.3d 386, 390 [221 Cal.Rptr. 772]) and imposition of a conservatorship under Welfare and Institutions Code section 5000 et seq. (*Conservatorship of Besoyan* (1986) 181 Cal.App.3d 34, 38 [226 Cal.Rptr. 196]),[2] it has never been expanded to cover cases where the

---

[1]In footnote 6, *People* v. *Logan, supra,* seems to urge the Supreme Court to further clarify when *Wende* review is required. However, that court has chosen not to do so. When it decided *People* v. *Garcia* (1984) 36 Cal.3d 539 [205 Cal.Rptr. 265, 684 P.2d 826], it did not discuss *Wende,* even though one issue decided by the Court of Appeal in its opinion in *People* v. *Garcia* (hg. granted Sept. 30, 1982) was that a partial *Wende* review should not be permitted.

[2]The courts have refused to expand *Wende* to civil cases involving summary judgments (*Grillo* v. *Smith* (1983) 144 Cal.App.3d 868, 873, fn. 3 [193 Cal.Rptr. 414]) or civil cases generally (*Berger* v. *Godden* (1985) 163 Cal.App.3d 1113, 1117, fn. 2 [210 Cal.Rptr. 109]).

brief filed by counsel raised an issue, as defined above. *In re Adrian O.* (1984) 155 Cal.App.3d 631, 634-635 [202 Cal.Rptr. 287], is not an exception to such rules because therein the argument made by counsel and accepted by the court—that a $200 filing fee paid by appellant mother in a dependency proceeding should be returned because she was indigent—did not result in a reversal or modification of the judgment. In *People* v. *Chew* (1985) 172 Cal.App.3d 45, 48 [217 Cal.Rptr. 805], the court cites *Wende* but it seems to be only performing the normal appellate function of reviewing the record to determine whether the appellant's contentions have merit.

Accordingly, the appellant in the instant case will not be given a *Wende* review. We conclude that once appellate counsel filed a brief raising a sentencing issue the case was removed from the ambit of *Wende*. The fact that the trial court and the Attorney General conceded the validity of counsel's argument does not serve to transform the case into a no-issue *Wende* case. If we had found that the issue argued by appointed counsel had merit, we would not then be required to review the record for other arguable issues. Therefore, a similar finding by the trial court, or a concession by the Attorney General, should not have such effect. By the same token since a frivolous argument which is of no avail to the appellant does not trigger the protection of *Wende,* a meritorious one which benefits him should not have that effect. Review by a Court of Appeal must end at some point.

The judgment is affirmed.

Anderson, P. J., and Poché, J., concurring.

A petition for a rehearing was denied September 18, 1986, and appellant's petition for review by the Supreme Court was denied November 20, 1986. Bird, C. J., and Reynoso, J., were of the opinion that the petition should be granted.