Filed 6/10/14  P. v. Ware CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>HELAND STERLING WARE,<br><br>    Defendant and Appellant. | F066171<br><br>(Super. Ct. No. AF49104)<br><br><br>**OPINION** |

-ooOoo-

THE COURT[*]

APPEAL from a judgment of the Superior Court of Merced County.  Brian L. McCabe, Judge.

Deborah Prucha and Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Harry J. Colombo, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

[*]    Before Gomes, Acting P.J., Poochigian, J. and Franson, J.

**INTRODUCTION**

On May 26, 2009, appellant, Heland Sterling Ware, was sentenced in case No. AF49104 for grand theft of firearms (Pen. Code, § 487, subd. (d)(2), count 1),[1] being a felon in possession of a firearm (§ 12021, subd. (a)(1), count 2), having a prior serious felony conviction within the meaning of the three strikes law (§§ 667, subd. (a) & 1170.12, subd. (c)), a prior serious felony conviction enhancement (§ 667, subd. (a)), and two prior prison term enhancements (§ 667.5, subd. (b)). The court struck the prior serious felony conviction strike and sentenced appellant to a total prison term of 12 years 8 months. The court stayed execution of its sentence and placed appellant on probation upon various terms and conditions.[2]

On December 30, 2009, a petition was filed alleging that appellant violated the terms of his probation by failing to complete the drug rehabilitation program, failing to report to his probation officer, and failing to inform his probation officer of his change of address. Appellant admitted violating his probation on October 28, 2010. On November 19, 2010, the trial court lifted the stay of execution on appellant's sentence, sentenced appellant to a prison term of 12 years 8 months, and awarded 644 days of presence credit.

On April 12, 2012, appellant filed a motion with the trial court to correct the abstract of judgment to award him more custody credits because recent amendments to

---

[1]     All statutory references are to the Penal Code.

[2]     The court sentenced appellant to the upper term of three years on count 1, plus consecutive terms of five years for the prior serious felony enhancement and to two consecutive terms of one year for each prior prison term enhancement. The court sentenced appellant to a consecutive term of one-third the midterm on count 2, or eight months, plus consecutive terms of one year again for each of the prior prison term enhancements. The prior prison term enhancements alleged in count 2 are identical to the prior prison term enhancements alleged in count 1.

section 4019 applied to him. On September 19, 2012, the trial court filed a written ruling denying appellant's motion to correct the abstract of judgment. The trial court had deferred ruling on appellant's motion until the Supreme Court's decision in *People v. Lara* (2012) 54 Cal.4th 896 (*Lara*) was issued. Appellant filed a timely notice of appeal from the trial court's ruling on his motion.

Appellate counsel filed a brief seeking independent review of the case by this court pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). On this court's own motion, we augmented the record to include the clerk's transcript of the second day of appellant's trial. The transcript indicates that appellant was tried and convicted by the trial court without a jury. There was no plea bargain in appellant's case.

This court then issued a briefing letter to the parties to address the issue of whether the trial court's sentence was unauthorized because the two one-year prior prison term enhancements were applied to each count. In effect, appellant was sentenced to those status enhancements twice. The parties replied with letter briefs. The parties concur with this court that the status enhancements were applied twice to appellant's sentence and that this was error.[3]

After reviewing the minute order from trial, it is clear that appellant was convicted after a court trial and there was no plea bargain in his case. It is also clear that the trial court sentenced appellant twice for each prior prison term enhancement, effectively sentencing him to four years for those enhancements rather than two years. Prior prison term enhancements are status enhancements that are only applied once to a determinate

---

**3**    When an issue is found, a case that began on appeal with independent review no longer remains within the ambit of *Wende*. (*People v. Woodard* (1986) 184 Cal.App.3d 944, 947.) We find no error in the trial court's reliance on *Lara* to deny appellant additional custody credits. We agree with the trial court's finding that appellant's prior serious felony conviction, though stricken pursuant to section 1385 during the sentencing hearing, disqualified appellant from receiving more generous custody credits.

prison term such as the one in the instant action. (*People v. Tassell* (1984) 36 Cal.3d 77, 99 [overruled on other grounds in *People v. Ewoldt* (1994) 7 Cal.4th 380, 398-401]; *People v. Edwards* (2011) 195 Cal.App.4th 1051; 1057.)

Although this is an appeal from a postsentence order concerning custody credits, and time for direct appeal from the original judgment passed in 2009, an unauthorized sentence can be corrected at any time. (*People v. Scott* (1994) 9 Cal.4th 331, 354; *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1424-1425; *In re Birdwell* (1996) 50 Cal.App.4th 926, 930-931.) The trial court, therefore, erred in applying the two prior prison term enhancements to count 1 *and* to count 2. We will, therefore, remand for the trial court to amend the abstract of judgment.

## DISPOSITION

The trial court's application of the two prior prison term enhancements to count 2 is reversed. The case is remanded for the trial court to prepare an amended abstract of judgment reflecting this change and showing a reduction of appellant's total prison term from 12 years 8 months to 10 years 8 months. The trial court is directed to forward the amended abstract of judgment to the appropriate authorities. The judgment is otherwise affirmed.