Filed 4/3/15  P. v. Aufmann CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065293 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. SCD243925, SCD246507) |
| BRIAN CHRISTOPHER AUFMANN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Howard H. Shore, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On December 6, 2013, Brian Christopher Aufmann entered a negotiated guilty plea to: two counts of second degree burglary (Pen. Code,[1] § 459 (counts 1 & 15)); grand theft of an automobile with a prior similar conviction (§§ 487, subd. (d)(1), 666.5, subd.

---

1    All further statutory references are to the Penal Code.

(a) (count 3)); assault with a deadly weapon with personal use of a deadly weapon (§§ 245, subd. (a)(1), 1192.7, subd. (c)(23) (count 5)); and grand theft of personal property (§ 487, subd. (a) (count 10)). As part of the plea agreement, Aufmann admitted having served three prior prison terms (§ 667.5, subd. (b)) and having suffered one prior serious felony conviction (§ 667, subd. (a)). Pursuant to the plea bargain, the remaining 24 counts and a strike allegation (§ 667, subds. (b)-(i)) were dismissed with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754). On January 6, 2014, the court sentenced Aufmann to a stipulated 15-year prison term: the four-year upper term on count 5; a consecutive one-year term (one-third the middle term) on count 3; consecutive eight-month terms (one-third the middle term) on counts 1, 10 and 15; one year for each prior prison term; and five years for the serious felony prior conviction. Aufmann appeals. We affirm.

I.

FACTUAL BACKGROUND

Aufmann entered Parker Construction's building "and stole tools with the intent to permanently deprive." He stole an automobile belonging to Nicholas Gallego and had a prior conviction of felony vehicle theft. Aufmann committed an assault upon Gallego with an automobile, a deadly weapon. Aufmann stole property valued at over $950 from Jeffrey Rubin. Aufmann entered a building occupied by Stephen Games with the intent to commit theft. These crimes occurred between June and November 2012.

II.

DISCUSSION

A.

*Appointed Appellate Counsel's Brief*

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). Counsel lists the following "[i]ssues which were considered by appellate counsel:" (1) Whether Aufmann's plea was knowing and intelligent. (2) Whether the court properly calculated pretrial credits. (3) Whether the court properly imposed the fines and fees. (4) Whether Aufmann was denied the right to present his defense, and had no choice but to enter the plea, after the court ruled that he could not present evidence that the police assaulted him when he was resisting arrest. (5) Whether the court "harbored a conflict of interest when [it] coerced [Aufmann] into waiving time." (6) Whether the court erred by refusing to hear Aufmann's ex parte motion to dismiss and therefore forced him "to file the motion with the prosecution and reveal defense strategy." (7) Whether the court erred by denying Aufmann's motion to dismiss because late discovery (30 compact discs) resulted in a denial of due process in that Aufmann did not have the time or opportunity to defend himself properly. (8) Whether attorney Gassimakani provided effective assistance of counsel between January and August 1, 2013. (9) Whether attorney Mondor provided effective assistance of counsel between August 1 and October 11 by failing to oppose the prosecutor's motion to consolidate all

3

charges. (10) "Because of ineffective assistance [of] both prior attorneys, [Aufmann] was forced to go in pro per and signed the *Lopez* waiver [*People v. Lopez* (1977) 71 Cal.App.3d 568] at the time he thought his maximum exposure was 32 years. When he signed the plea agreement, he discovered his maximum time was '48.6 years.' (Actual max was 43 years, 8 months . . . .)] He contends this made his [*Lopez*] waiver invalid and therefore he was without counsel from October 11, 2013 to the present."[2] (11) Whether the court erred by denying Aufmann's motion to dismiss the information because he was not committed with reasonable or probable cause (§ 995). (12) Whether the court erred by denying Aufmann's motion to dismiss counts 8, 9 and 10 because he was not committed with reasonable or probable cause (§ 995). (13) Whether the court erred by denying Aufmann's motion to dismiss counts 5, 6 and 7 because he was not committed with reasonable or probable cause (§ 995). (14) Whether the court erred by denying Aufmann's motion to dismiss because he was denied his Fifth and Fourteenth Amendment right to due process and a fair hearing before an unbiased judge free of a conflict of interest. (15) Whether the court erred under section 1538.5 and the Fourth Amendment when it denied Aufmann's November 19 motion to suppress which argued the police unlawfully searched his property on February 21 without consent and a warrant. (16) Whether the court erred under section 1538.5 and the Fourth Amendment

---

[2]    Rather than being a possible, but not arguable issue within the meaning of *Anders*, this is an unequivocal assertion of error. Counsel's filing of a brief arguing a specific issue removes an appeal from *Wende's* ambit. (*People v. Woodard* (1986) 184 Cal.App.3d 944; *Wende*, supra, at p. 442 ["a review of the entire record is not necessarily required" when counsel "raises specific issues"].) Nevertheless, we have reviewed the entire record.

when it denied Aufmann's November 20 motion to suppress which argued the police unlawfully arrested him on February 21 without consent and a warrant. (17) Whether the court erred by denying Aufmann's December 2 motion to dismiss for denial of due process. (18) Whether the court erred under section 1538.5 and the Fourth Amendment when it denied Aufmann's December 2 motion to suppress which argued the police unlawfully searched and seized a car in front of his house without consent and a warrant. (19) Whether the court erred by denying Aufmann's motion challenging eyewitness identification.

B.

<em>Aufmann's Supplemental Brief</em>

1.

Contentions

We granted Aufmann permission to file a brief on his own behalf. He has done so, contending as follows. The prosecutor's and the court's misadvisement, misinformation and misleading statements led to the plea agreement. After Aufmann entered the guilty plea, the court changed the terms of the agreement. Admission of the serious felony prior (§ 667, subd. (a)) was not part of the agreement, and the court's application of that prior violated the term of the agreement guaranteeing 50 percent credits. The court did not follow the agreement concerning section 666.5, subdivision (a); the court misinformed Aufmann by calling section 666.5, subdivision (a) an enhancement of two, three or four years. The court used the same prior as a basis for one of the prison prior enhancements,

5

for the serious felony prior enhancement and for the section 666.5, subdivision (a) enhancement. The agreement can only be enforced by modifying and suspending the sentence and sentencing Aufmann under section 1170.9 as a veteran. The court committed prejudicial error and deprived Aufmann of due process by denying his motion to continue sentencing to seek advice through the Veterans Administration and an evaluation by the Department of Veterans Affairs and to acquire legal counsel. The court deprived Aufmann of due process by denying him a hearing pursuant to section 1170.9. The court erred by sentencing Aufmann based on a probation report that was not filed until the day after sentencing; Aufmann was not given a copy of the report and he was deprived of a meaningful opportunity to object to the report and the material it contained. Aufmann's four motions were not discussed in the probation report. His motion to waive court fees and restitution, filed on December 17, 2013, is not in the record, although mentioned in the sentencing minutes.

2.

Analysis

A review of the record reveals Aufmann's guilty plea was knowing, intelligent and voluntary. As part of the plea bargain, he admitted a prior serious felony conviction (§§ 667, subd. (a), 1192.7, subd. (c)(19)) for robbery in Case No. SCD146690; pursuant to the bargain, a strike (§ 667, subds. (b)-(i)) based on the same robbery was dismissed. Count 5 constituted a serious felony because it involved personal use of a deadly weapon (§ 1192.7, subd. (c)(23)), and Aufmann acknowledged that his conviction in this case would be a strike. The change of plea form stated Aufmann would receive 50 percent

6

credits and noted the strike alleged in the information would be dismissed. At the change of plea hearing, the court told Aufmann he would receive 50 percent credits "because the strike that would require 80 percent is going to be stricken." Later, the court asked Aufmann, "The People and the defense are stipulating to a 15-year prison term, and you're to receive 50 percent good-time credits; do you understand that?" Aufmann replied, "Yes, your honor." When the court asked the deputy district attorney whether there was anything the People wished to add before the court accepted the plea, the deputy district attorney stated the following. "Your honor, . . . it is our understanding that by striking the prior allegation even with the defendant's plea to count 5 with a new strike, . . . the defendant should be receiving 50-percent credits and not 80-percent credits. [¶] If there is some dispute as to that, we would like to bring this sentencing back to readdress it in the future, and that's been our commitment to the defendant." When the court asked Aufmann if he understood, Aufmann said he did. Because the strike was dismissed, the 20 percent postsentence conduct credit limitation applicable to a defendant sentenced under the Three Strikes Law does not apply to Aufmann. (*In re Young* (2004) 32 Cal.4th 900, 904-905.) The court did not change the terms of the agreement.

As part of the plea bargain, Aufmann admitted, as to count 3, that he had a prior theft conviction within the meaning of section 666.5, subdivision (a). The court referred to section 666.5, subdivision (a) as an "enhancement" adding a term of two, three or four years. Actually, the term of two, three or four years specified in section 666.5 is "not an enhancement but a greater base term for certain recidivists." (*People v. Demara* (1995)

41 Cal.App.4th 448, 452.) Aufmann received a consecutive sentence of eight months (one-third the middle term) on count 3. There was no violation of the plea bargain, nor was there any other error as to section 666.5, subdivision (a).

It is not error to use the same prior conviction for purposes of sections 666.5, subdivision (a) and 667.5, subdivision (b). (*People v. Garcia* (2003) 107 Cal.App.4th 1159, 1165-1166.) Furthermore, there were three offenses underlying section 666.5, subdivision (a) in this case, none of which provided a basis for the 667, subdivision (a) enhancement. Although the basis for the 667, subdivision (a) enhancement was also the basis for one of the prison priors, there were three other cases underlying that prison prior. There was no improper dual use.

Section 1170.9 provides an alternative to prison commitments for eligible combat veterans. (§ 1170.9, subd. (a).) Because the plea bargain required a prison sentence, section 1170.9 does not apply to Aufmann.

As part of the plea bargain, Aufmann waived his "right to a full probation report before sentencing." Furthermore, at sentencing, the court stated it had received the probation report.

Finally, although no written motion to waive court fees and restitution appears in the clerk's transcript, at sentencing the court stated Aufmann "submitted a form for a waiver of additional court fees" which requested a waiver of restitution. The court correctly stated it could not waive restitution. (§ 1202.4.) The court also stated Aufmann could "address any request for fee waivers of the appeal to the appellate court." We

8

assume this was a reference to the various mandatory fines and fees the court had just imposed, all of which were proper.

## III.

## CONCLUSION

A review of the record pursuant to *Wende* and *Anders*, including the possible issues listed pursuant to *Anders*, has disclosed no reasonably arguable appellate issues. Aufmann has been competently represented by appellate counsel.

## DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:


NARES, Acting P. J.


AARON, J.

9