Filed 9/28/15  P. v. Weed CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Butte)

----

| | |
|---|---|
| THE PEOPLE, | C078052 |
| Plaintiff and Respondent, | (Super. Ct. No. CM041002) |
| v. | |
| JEREMIAH ROBERT WEED, | |
| Defendant and Appellant. | |

Defendant Jeremiah Robert Weed pleaded no contest to possession for sale of a controlled substance (Health & Saf. Code, § 11351—count 1) and unlawful possession of ammunition (Pen. Code, § 30305, subd. (a)(1)—count 5),[1] and admitted three prior prison term sentencing enhancement allegations (§ 667.5, subd. (b)).  The trial court sentenced defendant to an aggregate state prison term of seven years eight months (the upper term of four years for possession for sale of a controlled substance, plus a

---

[1] Undesignated statutory references are to the Penal Code.

1

consecutive eight months for possession of ammunition, plus a consecutive three years for the prior prison term enhancements).  The trial court also imposed statutory fines and fees, and awarded defendant presentence custody credits.

In sentencing defendant, the trial court stated it was imposing the upper term as the base term not only as to the principal term for possession for sale of a controlled substance but also as to the subordinate term for possession of ammunition.  In announcing the sentence as to the subordinate term, the trial court sentenced defendant to the upper term of three years and then stayed "[a]ll of the sentence . . . except for one-third the middle term, to wit, eight months" and then ordered the unstayed portion of the sentence to run consecutive to the principal term.  On appeal, defendant argues the trial court erred in sentencing him by imposing the upper term of three years for the subordinate term and then staying all but one-third of the middle term for that count.[2] The People agree, and so do we.  Therefore, we will modify the judgment accordingly.

Section 1170.1 establishes the sentencing protocol for felony offenses and imposition of consecutive sentencing.  "First, the trial court is required to select a base term—either the statutory low, middle or upper term—for each of the crimes. [Citations.]  Second, if the court determines that a consecutive sentence is merited, it must designate the crime with the 'greatest' selected base term as the principal term and

---

**2** Appointed counsel for defendant purported to ask this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We are required to conduct such a review when "appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Id.* at p. 441.)  Here, however, counsel did identify a specific issue in the *Wende* brief—the sentencing error indicated.  Therefore, we invited both parties to submit briefing addressing that issue.  Additionally, we do not conduct a *Wende* review, but limit our review to the identified issue.  (See *People v. Woodard* (1986) 184 Cal.App.3d 944, 946 ["[N]o *Wende* review is made if counsel's brief presents 'a substantive issue' which if resolved favorably to the appellant would result in either 'a reversal or a modification of the judgment.' "].)

2

the other crimes as subordinate terms. [Citation.] Third, the court sentences the defendant to the full base term it selected for the principal term crime and one-third of the middle term for any crimes for which the sentence is ordered to run consecutively. [Citations.] A subordinate term is one-third of the *middle term* even if the trial court had initially selected the lower or upper term as the base term." (*People v. Neely* (2009) 176 Cal.App.4th 787, 798.)

It appears that in imposing the full term on the subordinate term and staying a portion of that term, the court was attempting to comply with the consecutive sentencing provisions of section 1170.1. But in doing so, the trial court imposed an unauthorized sentence. At one time, former California Rules of Court, rule 449, repealed in 1991, purported to authorize such a procedure. (*People v. Riolo* (1983) 33 Cal.3d 223, 227, fn. 5, ["[Former] California Rules of Court, rule 449, requires the trial court to compute the full term, including enhancements, for each conviction independently. The rule directs the trial court to 'stay execution' of whatever portion of the full term cannot be imposed because of statutory limitations on consecutive sentences."].) Despite the administrative value of such a procedure, however, "the statutes define the sentence on the consecutive offense as one-third the middle base term. Neither the hypothetical full term for the offense nor the concept of a 'stay' of part of that 'term' appears in the statutes. As long as the consecutive term remains subordinate to a principal term, its term of imprisonment *is* the period of time amounting to one-third the middle base term." (*Riolo*, at p. 227, fn. 5.) Therefore, the trial court erred in imposing and staying execution of a portion of a full term for possession of ammunition (count 5).

Accordingly, we modify the oral pronouncement of judgment as to count 5 to (1) eliminate imposition of the upper term and the stay of a portion of that term, and (2) provide the consecutive term on that count as required by section 1170.1, subdivision (a). As the sentencing order and abstract of judgment correctly indicate the sentence imposed

3

on count 5 is eight months (one-third the middle term of two years), no amendment of those is necessary.

## DISPOSITION

The judgment is modified to strike the "upper term of three years" imposed by the trial court for possession of ammunition (count 5) and to instead impose a consecutive one-third of the middle term of two years (eight months) on that count. As modified, the judgment is affirmed.


      BUTZ      , J.


We concur:


      BLEASE      , Acting P. J.


      HOCH      , J.