Filed 5/31/23  P. v. Francis CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RYAN LUIS FRANCIS,<br><br>    Defendant and Appellant. | H050064<br>(Monterey County<br>Super. Ct. No. 20CR009943) |

## THE COURT[1]

Defendant Ryan Luis Francis appeals from the judgment imposed in his case after a jury trial.  For the reasons set forth below, we reverse the judgment and remand the case to correct the oral pronouncement of judgment.

### I. PROCEDURAL BACKGROUND[2]

Francis was charged in an amended information with evading a police officer (Veh. Code, § 2800.2, subd. (a); count 1), driving under the influence of alcohol (Veh. Code, § 23152, subd. (a); count 2), driving with a blood alcohol content of .08 percent or higher (Veh. Code, § 23152, subd. (b); count 3), and resisting arrest (Pen. Code, § 148, subd. (a)(1);[3] count 4).  Count 1 also alleged that Francis had suffered a conviction that qualified as a strike under sections 667, subdivision (d) and 1170.12, subdivision (b).  In

---

[1] Before Greenwood, P. J., Grover, J. and Bromberg, J.

[2] We have omitted the facts of the offenses because they are not relevant to the analysis and disposition of this appeal.

[3] Undesignated statutory references are to the Penal Code.

addition, the information contained two special allegations as to count 3: (1) refusal to submit to a chemical test (Veh. Code, § 23577, subd. (a)), and (2) a prior conviction for driving under the influence within the last 10 years (Veh. Code, § 23540, subd. (a)).

During the jury trial the criminalist became unavailable due to an emergency and was unable to testify. The prosecution offered to allow Francis to plead guilty to alcohol-related reckless driving (Veh. Code, §§ 23103, 23103.5), and the trial court orally modified the amended information to add that charge as count 5. The court stated that "what we've agreed in chambers is this takes out the DUI portions of the testimony and the parties will argue in their closings as to counts 1 and 4." Francis then pleaded no contest to count 5, and the parties resumed the jury trial.

Counts 1 and 4 were argued and submitted to the jury, and the jury found Francis guilty as to both counts. The trial court found the strike allegation to be true after Francis waived his right to a jury trial on the allegation.

At the sentencing hearing, the court imposed the middle term of two years on count 1, and doubled it pursuant to the strike, for a total of four years. The court stated that it was not imposing any additional time on count 4 or count 5. The minute order from the sentencing hearing states that "[a]ll remaining charges, enhancements and/or special allegations are hereby ordered dismissed/stricken pursuant to [section] 1385." However, the prosecutor did not make a motion on the record to dismiss counts 2 and 3 and the allegations as to count 3 from the amended information, and the trial court did not mention those remaining charges and allegations at the sentencing hearing.

Francis filed a timely notice of appeal.

## II. DISCUSSION

Francis contends that his case should be remanded with direction to orally dismiss counts 2 and 3 and alleged enhancements on the record as agreed upon by the parties. The Attorney General correctly concedes this argument.

Francis is entitled to dismissal of the outstanding charges as a result of the plea bargain entered into with the district attorney and with the court's consent. " ' "A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound." [Citations.] Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly. [Citation.]' " (*People v. Stamps* (2020) 9 Cal.5th 685, 701, citing *People v. Cunningham* (1996) 49 Cal.App.4th 1044, 1047.) Here, the record makes clear that the trial court was not attempting to unilaterally alter the plea bargain, but inadvertently omitted to dismiss counts 2 and 3 and the alleged enhancements when it pronounced its oral judgment at the sentencing hearing, even though the minute order reflects a dismissal of all counts on which sentence had not been imposed.

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) Because the trial court's oral pronouncement of sentence does not conform to the negotiated disposition or the minute order, we will reverse the judgment and remand with direction to correct the oral pronouncement of judgment.[4]

---

[4] We note that Francis's misdemeanor convictions on counts 4 and 5 are not reflected in the one abstract of judgment in the record, which is a felony abstract of judgment. That abstract of judgment also does not reflect the court's true finding as to the strike allegation. Therefore we will instruct the court on remand to correct the record to reflect Francis's convictions on counts 4 and 5, as well as the true finding on the prior strike enhancement.

Francis also asks this court to independently review the record under *People v. Wende* (1979) 25 Cal.3d 436 for any other possibly arguable issues. Because Francis has raised an arguable issue on appeal, he is not entitled to independent review of the record pursuant to *Wende*. (*People v. Woodard* (1986) 184 Cal.App.3d 944, 946.)

### III. DISPOSITION

The judgment is reversed. The matter is remanded and the trial court is directed to (1) correct the oral pronouncement of judgment and dismiss counts 2 and 3, as well as the alleged enhancements in count 3, pursuant to the parties' plea agreement; and (2) prepare an amended abstract of judgment that reflects his convictions on counts 1, 4 and 5, as well as the true finding on the prior strike enhancement. The clerk of the superior court is directed to forward a copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation.