THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PRESTON HARWELL, Defendant-Appellant.

(No. 56439; ▮▮▮▮▮▮▮▮

First District—July 18, 1972.

*Supplemental opinion upon denial of rehearing December 19, 1972.*

Howard T. Savage, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

After a bench trial defendant was convicted of battery.[1] The State's evidence consisted of the testimony of complainant and two police officers. The evidence for the defense consisted of the testimony of defendant and a corroborating witness. After the finding of guilty defendant was released on probation for one year.

■■ Defendant's privately retained counsel filed a notice of appeal and now seeks to withdraw. In support of his motion counsel has filed a supporting brief pursuant to *Anders v. California*, 386 U.S. 738, and states that from a review of the record the only basis for an appeal would be whether defendant was proven guilty beyond a reasonable doubt. Since

---

[1] Ill. Rev. Stat. 1969, ch. 38, par. 12—3.

the credibility of witnesses is an issue of·fact to be·determined by the trial court and findings of fact will not be set aside on appeal unless palpably contrary to the manifest weight of the evidence, defendant's counsel has concluded that an appeal of this case would be frivolous and without merit.

■■   After notification of his attorney's opinion regarding the merit of an appeal, defendant indicated that he would seek other counsel. Defendant was also sent a letter by this court notifying him of the motion and giving him an opportunity to file any points he might choose in support of his appeal. Although his original counsel has obtained two extensions of time for filing a brief on appeal no response has been received from defendant or other counsel he may have retained.

We have completely examined the record and conclude that there is no merit to this appeal. The motion of counsel to withdraw is allowed and the judgment is affirmed.

This opinion is filed in conformance with Supreme Court Rule 23. Ill. Rev. Stat., ch. 110A, par. 23, adopted, effective January 31, 1972.

Judgment affirmed.

SCHWARTZ and LEIGHTON, JJ., concur.

## SUPPLEMENTAL OPINION UPON DENIAL OF PETITION FOR REHEARING

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Subsequent to the filing of this opinion, we received correspondence from defendant opposing his attorney's petition for withdrawal and setting out points which he believed should be argued on appeal. We have chosen to treat the correspondence as a petition for rehearing and have reconsidered this matter.

Upon consideration of defendant's arguments, and after further review of the record, we again conclude that there is no merit to this appeal. Defendant has challenged the credibility of the prosecution witnesses and the weight of the evidence. However, we believe that the testimony of the complainant, which was corroborated by two additional witnesses, was clearly legally sufficient for a finding of guilty.

Rehearing denied.

SCHWARTZ and LEIGHTON, JJ., concur.