[Crim. No. 24244. Second Dist., Div. One. May 24, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM KENNETH TAYLOR, Defendant and Appellant.

COUNSEL

Dean R. Pic'l for Defendant and Appellant.

Evelle J. Younger, Attorney General, and Alan G. Novodor, Deputy Attorney General, for Plaintiff and Respondent.

## THE COURT.—

### INTRODUCTION

Defendant-appellant William Kenneth Taylor, following a denial of his motion to suppress evidence, pursuant to section 1538.5 Penal Code, waived a jury and submitted the matter on the transcript of the testimony taken at the preliminary hearing. The trial court found defendant guilty as charged in the two-count information of violation of sections 11530.1 (count I, planting and cultivating marijuana), and 11530 (count II, possession of marijuana) of the Health and Safety Code of California.

While the case was pending the defendant was on his own recognizance. Following conviction and consideration of the probation report, he was placed on summary probation for three years on condition he spend the first five months in the county jail. Bail on appeal was set at $5,000.

Defendant appeals on the grounds that the entry into his residence and the investigation of the rear yard of his residence were unlawful.

█ Appellant's counsel filed an opening brief containing 3½ typewritten, single sided, 28-line pages. The brief actually consists of a total of 86 lines describing the case, listing the issues, followed by argument and conclusions, but citing no authorities whatever. Appellant's opening brief is woefully inadequate. No reply brief was filed.

In *Tate* v. *Canonica,* 180 Cal.App.2d 898 [5 Cal.Rptr. 28] at page 900 the court said: "Counsel's duty to assist the court includes a duty to study and to discuss the available authorities, both in California and, at least where there are none in California, in other jurisdictions."

The question of inadequate briefs on appeal was discussed in *In re Smith,* 3 Cal.3d 192 [90 Cal.Rptr. 1, 474 P.2d 969], and reaffirmed in *People* v. *Lang,* 11 Cal.3d 134 [113 Cal.Rptr. 9, 520 P.2d 393], which dealt with appointed counsel on indigent appeals as did their forerunners *People* v. *Feggans,* 67 Cal.2d 444 [62 Cal.Rptr. 419, 432 P.2d 21] and *Anders* v. *California,* 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396].

The rules that apply to appointed counsel on indigent appeals also apply to retained counsel on nonindigent appeals.

ORDER

This matter, heretofore set on this court's calendar for oral argument on May 28, 1974, is ordered off calendar.

Pursuant to rule 18 of the California Rules of Court,[1] this court on its own motion orders appellant's opening brief returned to defendant's counsel for revision to include points and authorities to support the contentions submitted and/or to otherwise conform to the requirements of the cases above cited.

Counsel for defendant is ordered to prepare and file his revised brief or other appropriate documents within 20 days of the filing of this order.

Respondent is granted 20 days from that time within which to respond. Appellant may reply within 10 days.

[1]"When a brief fails to comply with the requirements of these rules the reviewing court, on application of any party or on its own motion, and with or without notice as it may determine, may: (1) order the brief to be returned to counsel for correction by interlineation, cancellation, revision or replacement in whole or in part, and to be redeposited with the clerk within a time specified in the order; (2) order the brief stricken from the files, with leave to file a new brief within a specified time; or (3) disregard defects and consider the brief as if it were properly prepared."