450 So.2d 910 (1984)
Leroy HAROLD, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1397.
District Court of Appeal of Florida, Fifth District.
May 31, 1984.
*911 James K. Freeland, Orlando, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION TO WITHDRAW
ORFINGER, Chief Judge.
Harold appeals from a judgment of conviction of armed robbery. Because his privately retained counsel has filed an "Anders"[1] brief which we reject, we need not discuss the merits of the case at this point.
Appellant was represented by court-appointed counsel at trial. Although his trial counsel filed the notice of appeal from the judgment of conviction, and the public defender was then appointed as appellate counsel, privately retained counsel filed a notice of appearance on behalf of appellant and requested to be substituted as counsel in place of the public defender. This motion was granted, and new counsel was given an extension of time to file appellant's brief. Appellant's privately retained counsel ultimately filed what is referred to as an "Anders" brief accompanied by a motion for leave to withdraw. The motion and brief represented that counsel had determined the appeal to be frivolous. We must determine if privately retained counsel may file an "Anders" brief and for reasons set forth below, we conclude that he may not.
In Anders, the Supreme Court struggled with the question of the extent of the duty of a court-appointed counsel to prosecute a first appeal from a criminal conviction, when the attorney has "conscientiously determined that there is no merit to the indigent's appeal." The rationale of the majority opinion is found in these excerpts:
The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of amicus curiae. ... His role as advocate requires that he support his client's appeal to the best of his ability. Of course, if *912 counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court  not counsel  then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires.
* * * * * *
This requirement would not force appointed counsel to brief his case against his client but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain. It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel. The nomerit letter, on the other hand, affords neither the client nor the court any aid. The former must shift entirely for himself while the court has only the cold record which it must review without the help of an advocate. Moreover, such handling would tend to protect counsel from the constantly increasing charge that he was ineffective and had not handled the case with that diligence to which an indigent defendant is entitled. This procedure will assure penniless defendants the same rights and opportunities on appeal  as nearly as is practicable  as are enjoyed by those persons who are in a similar situation but who are able to afford the retention of private counsel.

Id. at 744-745, 87 S.Ct. at 1400. (emphasis added)
The Anders decision, while establishing the necessity for a brief filed by the public defender or court appointed counsel, as opposed to a letter stating that there is no merit to the appeal, is a natural extension of the decisions in Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) and Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). In examining these cases, the Anders court reasoned:
Beginning with Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055 (1956) where it was held that equal justice was not afforded an indigent appellant where the nature of the review "depends on the amount of money he has," at 19, 76 S.Ct. at 591 and continuing through Douglas v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), this Court has consistently held invalid those procedures "where the rich man, who appeals as of right, enjoys the benefit of counsel's examination into the record, research of the law, and marshalling of arguments on his behalf, while the indigent, already burdened by a preliminary determination that his case is without merit, is forced to shift for himself." At 358, 83 S.Ct. at 817.
Id. 386 U.S. at 741, 87 S.Ct. at 1398.
Other decisions have clearly pointed to the fact that Anders applies only to briefs filed by court-appointed counsel provided to indigent defendants. In Jones v. Estelle, 584 F.2d 687 (5th Cir.1978), the court indicated that court-appointed counsel was obligated to withdraw the appeal where so instructed by his client, and in such case the Anders requirement would not apply. In so holding, the court noted:
To be sure, if the client persists in demanding an appeal, Anders applies in full force, and the attorney must comply with its procedures... . We say only that where, as here, court-appointed counsel gives his client good-faith and effective advice to withdraw an appeal he believes meritless and the client voluntarily *913 instructs him to do so, the Anders requirements do not apply.
Id. at 691. (emphasis added)
No case has been cited, nor has independent research revealed any decision wherein a court has held that an Anders brief may be filed by privately retained counsel. Logic dictates that privately retained counsel should not be permitted to file, nor should an appellate court accept, an Anders brief.[2] An indigent defendant does not have the right to pick and choose the lawyer who will represent him. Williams v. State, 427 So.2d 768 (Fla.2d DCA 1983); Wilder v. State, 156 So.2d 395 (Fla. 1st DCA 1963). Neither does the public defender have the right to decline representation of those indigent clients assigned to him. A public defender is obligated to both file and handle the appeal of an indigent defendant. Such representation is required by the nature of his office and withdrawal is only permitted under limited circumstances. See section 27.51(4), Florida Statutes (1983).
The Florida Bar Code of Professional Responsibility recognizes the special obligation of appointed counsel to his client and provides that the attorney "should not seek to be excused from undertaking the representation except for compelling reasons." Fla.Bar Code Prof.Resp. EC 2-29. Such compelling reasons do not include the repugnance to the attorney of the subject matter of the proceeding, or the belief of the lawyer that the defendant in a criminal proceeding is guilty. Thus, the public defender and appointed counsel have a duty to their clients which supersedes the attorney's usual discretion to pursue only those cases which he or she wishes. This includes the filing of an appeal even if the attorney has not had an opportunity to evaluate the merits of the indigent's case.
The unique position of the public defender must be considered against the backdrop of the professional standards imposed on all attorneys. A lawyer should not accept employment if he knows or it is obvious that the claim or defense is not warranted or is frivolous. Fla.Bar Code Prof.Resp. DR 2-109. Once an attorney undertakes to prepare the appeal he has an obligation to represent his client zealously within the bounds of the law. Fla.Bar Code Prof.Resp. EC 7-1. However, there is a considerable difference between the options available to private and publicly appointed counsel who, after reviewing the relative merits of the case, decide that an appeal is not warranted. If the public defender believes the appeal to be meritless, he cannot simply recommend that his client obtain other counsel. The public defender must either obtain his client's consent to dismiss the appeal or review the record and bring to the appellate court's attention, by way of an Anders brief, any possible grounds for reversal.
By contrast, if private counsel determines that he cannot ethically and properly present his client's appeal, he has the option to either 1) secure his client's permission to dismiss the appeal, after fully disclosing to his client his opinion as to the merits of the appeal; 2) advise his client to obtain other counsel, meanwhile taking such steps as are reasonably necessary to avoid foreseeable prejudice to the rights of the client; or 3) move to withdraw from the case, refunding any portion of a pre-paid fee which has not yet been earned. DR 2-110. The paying client then is free to seek other counsel who can argue his cause. By this method the rights of the client in securing counsel and the ethical obligations of a lawyer who thinks the appeal has no merit are balanced, and neither prejudices the other. For these reasons, *914 privately retained counsel may not file an Anders brief asserting that the appeal is frivolous.
We strike the "Anders" brief filed on behalf of appellant. We also deny the motion to withdraw at this stage pending counsel's compliance with DR 2-110(A), which provides that a lawyer shall not withdraw until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, has given due notice to the client allowing time for employment of other counsel, has delivered to the client all papers and property to which the client is entitled and has made provision to refund any part of a fee paid in advance that has not been earned. DR 2-110(A)(2) and (3). At such time as appellant's attorney can demonstrate to this court that appellant has either consented to withdrawal or that the attorney has fulfilled his obligations under DR 2-110, a renewed motion to withdraw will be considered by the Court.
APPELLANT'S BRIEF STRICKEN: MOTION TO WITHDRAW DENIED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] The Anders court was concerned with the propriety of the California procedure wherein the public defender, having conscientiously determined that there was no merit to the indigent's appeal, merely filed a "no-merit" letter with the court advising of that conclusion. The dissenting opinion (Mr. Justice Stewart) argues only that a "no-merit" brief does nothing more for the indigent client than does a letter of like substance, but even here, the emphasis is on the fact that the court is dealing with indigent appellants represented by public defenders (or court appointed counsel).