[No. A044532. First Dist., Div. Three. Mar. 31, 1989.]

MILLBRAE SCHOOL DISTRICT et al., Petitioners, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY,
Respondent;
MILLBRAE REDEVELOPMENT AGENCY et al., Real Parties in
Interest.

COUNSEL

Leonard D. Brinley for Petitioners.

No appearance for Respondent.

Joseph E. Coomes, Jr., T. Brent Hawkins, Iris P. Yang and McDonough, Holland & Allen for Real Parties in Interest.

OPINION

**BARRY-DEAL, J.**—The Millbrae School District, the San Mateo Union High School District, the San Mateo County Community College District, and the San Mateo County Superintendent of Schools (petitioners) contest a ruling dismissing their action below. Their action, which challenged a redevelopment project approved by the Millbrae Redevelopment Agency and the Millbrae City Council,[1] was dismissed for failure to comply with the requirements for "validating proceedings" set forth in Code of Civil Procedure sections 860 through 870.[2] Petitioners contend that because of the wording of section 869, public agencies are not barred from bringing challenges outside of the validating proceedings. We disagree with their interpretation of section 869. But we grant their petition, because we find "good cause" (§ 863) for failing to meet all the requirements for validating proceedings.

Because this petition raises only procedural questions, we will not describe the proposed redevelopment or explain petitioners' legal challenge to its approval. We will only set forth the pertinent procedures and legal arguments of the parties.

On July 12, 1988, the city council and redevelopment agency approved the project. On August 3, 1988, petitioners filed a petition for writ of mandate in the San Mateo County Superior Court seeking to require real parties to set aside their approval. On September 23, 1988, real parties noticed a motion to dismiss the action. They raised the objection that petitioners had failed to serve summons by publication, as required by section 861 for validating proceedings. After hearing on the motion, the court dismissed the action. Petitioners then moved the court to vacate its order of dismissal and to grant them leave to comply with sections 860-869 based on "good cause" for failing to meet the statutory requirements. After hearing, the court denied this motion too. Petitioners filed a notice of appeal from these two rulings and then filed this petition, seeking an earlier ruling on the issue.

Although the court's ruling dismissing petitioners' action is appealable (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 75, p. 99) and we rarely entertain a writ when the aggrieved party may appeal directly (8 Witkin, Cal. Procedure (3d ed. 1985) Extraordinary Writs, § 51, p. 685), we find appeal inadequate under these circumstances. In order to prevent mootness,

---

[1] The redevelopment agency, the city council, and the City of Millbrae are real parties herein.

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

we would be obliged to issue a stay of the redevelopment while the appeal was pending. But a central theme in the validating procedures is speedy determination of the validity of the public agency's action. (§ 867; *Walters v. County of Plumas* (1976) 61 Cal.App.3d 460, 466 [132 Cal.Rptr. 174].) In order to expedite the matter, we consider the merits of the petition for writ of mandate.

To understand the arguments of the parties, it is necessary to consider four key code sections defining validating proceedings (§§ 860, 861, 863, 869) and a code provision which authorizes redevelopment agencies to seek validation of their actions (Health & Saf. Code, § 33501). Section 860 provides: "A public agency may upon the existence of any matter which under any other law is authorized to be determined pursuant to this chapter, and for 60 days thereafter, bring an action in the superior court of the county in which the principal office of the public agency is located to determine the validity of such matter. The action shall be in the nature of a proceeding in rem."

Health and Safety Code section 33501 authorizes the use of validating proceedings, as follows: "An action may be brought pursuant to Chapter 9 (commencing with Section 860) of Title 10 of Part 2 of the Code of Civil Procedure to determine the validity of bonds and the redevelopment plan to be financed . . . by the bonds, . . . including . . . the legality and validity of . . . the adoption of the redevelopment or renewal plan . . . ."

A validating proceeding differs from a traditional action challenging a public agency's decision because it is an in rem action whose effect is binding on the agency and on all other persons. To satisfy due process requirements, section 861 provides that jurisdiction over all interested parties may be obtained by publication of summons in a newspaper of general circulation designated by the court and by such other notice as is ordered by the court.

Section 863 explains what happens if the public agency and other interested persons fail to follow the steps required for a validating proceeding: "If no proceedings have been brought by the public agency pursuant to this chapter, any interested person may bring an action within the time and in the court specified by Section 860 to determine the validity of such matter. The public agency shall be a defendant and shall be served with the summons and complaint in the action in the manner provided by law for the service of a summons in a civil action. . . . If the interested person bringing such action fails to complete the publication and such other notice as may be prescribed by the court in accordance with Section 861 and to file proof thereof in the action within 60 days from the filing of [its] complaint, the

action shall be forthwith dismissed on the motion of the public agency unless good cause for such failure is shown by the interested person."

Section 869, whose interpretation is contested here, provides: "No contest except by the public agency or its officer or agent of any thing or matter under this chapter shall be made other than within the time and the manner herein specified. The availability to any public agency, including any local agency, or to its officers or agents, of the remedy provided by this chapter, shall not be construed to preclude the use by such public agency or its officers or agents, of mandamus or any other remedy to determine the validity of any thing or matter."

The trial court dismissed petitioners' action because they failed to serve summons by publication within 60 days, as required by section 863. ■ Petitioners contend, however, that because they are "public agencies," section 869 permits them to challenge an agency action by a petition for writ of mandate without meeting the requirements for validating proceedings. They note that the second sentence of section 869 says that the availability to "any public agency" of the validating proceedings "shall not be construed to preclude the use by such public agency . . . of mandamus or any other remedy to determine the validity of any thing or matter."

At first reading, we were perplexed by the breadth of the second sentence of section 869. Throughout the balance of chapter 9, the validating statutes specify "[a] public agency" or "the public agency." They present a scheme which allows the public agency whose action is in question to bring a validating action or to have its action validated by failure of others to bring such actions. From those parts of chapter 9, one would conclude that third party public agencies that challenge agency actions are included with other "interested person[s]" and are required to comply with the summons requirements on pain of dismissal. But section 869 uses no such restrictive language. It speaks broadly of "any public agency" and purports to preserve for all public agencies rights to seek mandamus or other remedies to determine the validity of their own actions and of actions by other public agencies. Only by examining the early history of sections 860-870, have we uncovered the explanation for this incongruous language.

As proposed by the Judicial Council of California, section 869 did not even acknowledge alternative procedures for validating actions. If adopted as proposed, the section would have provided: "No contest of any thing or matter under this chapter shall be made other than within the time and the manner herein specified." (Judicial Council of Cal., 18th Biennial Rep. (1961) p. 115.) As adopted, however, the section provided that "[n]o contest *except by the public agency or its officer or agent* of any thing or

matter under this chapter shall be made other than within the time and the manner herein specified." (Stats. 1961, ch. 1479, § 1, p. 3332, italics added.)

As originally adopted in 1961, the validating statutes applied only to a limited number of particular agencies designated in a variety of specific statutes. (*City of Ontario* v. *Superior Court* (1970) 2 Cal.3d 335, 340 [85 Cal.Rptr. 149, 466 P.2d 693].) At that point, the legislation preserved for "the public agency" (a particular agency identified by a specific statute) or its officer or agent the ability to use other procedures to enforce or validate its own decisions. "From these humble beginnings, however, the validating statute appears to have grown far beyond the scope originally conceived by the Council. The change took place in 1963, with the enactment of Government Code sections 53510 and 53511. First, rather than limiting the validating procedure to specific agencies, section 53510 extended its availability to any 'county, city, city and county, public district or any public or municipal corporation, public agency or public authority.' It is difficult to imagine a local entity that would not fall within one or another of those categories." (*City of Ontario, supra,* at p. 341.)

Section 869's second sentence was also added in 1963 to accommodate the expansion in the kinds of agencies permitted to use sections 860-870 to validate their own actions. Although we have found no evidence in print (no legislative committee reports or other legislative materials), it is apparent that the second sentence was added to quell fears that adoption of Government Code sections 53510 and 53511 would withdraw from the myriad of local agencies now permitted to use validating procedures other then-available procedures for validating and enforcing their own decisions. The second sentence of section 869 merely restated and explained the exception of the first sentence so that there could be no doubt that the exception covered the full range of public agencies. It did not grant to all public agencies a new right to make third party challenges to each other's actions outside of the validating procedures.

Having uncovered this explanation for the second sentence of section 869, we reject petitioners' suggestion that the amendment exempts third party public agencies from the requirement of complying with the validating statutes when challenging actions by other public agencies. Such a reading would eviscerate the validating statutes, replacing a prompt validating procedure with an ever-present threat that some third party public agency might file a belated petition for writ of mandamus to challenge the decision of the agency taking action. Nothing peculiar to third party public agencies makes their challenges more significant than those of other interested persons or more important than the acting agency's need to settle promptly all questions about the validity of its action.

Neither *Sweetwater Valley Civic Assn.* v. *City of National City* (1976) 18 Cal.3d 270 [133 Cal.Rptr. 859, 555 P.2d 1099], nor *In re Redevelopment Plan for Bunker Hill* (1964) 61 Cal.2d 21 [37 Cal.Rptr. 74, 389 P.2d 538], is authority for petitioners' interpretation of section 869, because neither decision considered the question of whether third party mandamus actions must comply with the requirements for validating procedures. ■ A decision is not authority for a point not raised or considered. (*Maguire* v. *Hibernia S. & L. Soc.* (1944) 23 Cal.2d 719, 730 [146 P.2d 673, 151 A.L.R. 1062]; *Hart* v. *Burnett* (1860) 15 Cal. 530, 598-600; *Palmer* v. *Ted Stevens Honda, Inc.* (1987) 193 Cal.App.3d 530, 539 [238 Cal.Rptr. 363].)

■ If, as we have concluded, third party public agencies such as petitioners must comply with the validating procedures to challenge redevelopment plans, the remaining question here is whether the trial court abused its discretion in ruling that petitioners had not shown "good cause" for failing to comply with the 60-day requirement for service of summons by publication. Where, as here, "chapter 9 does apply . . . , a mistaken but reasonable decision by plaintiffs' counsel that it did *not* apply constitutes good cause for the trial court to permit belated compliance with its terms. Counsel are not expected to be omniscient, as the Legislature plainly recognized by writing the 'good cause' exception into section 863." (*City of Ontario* v. *Superior Court, supra,* 2 Cal.3d at p. 346.)

■ A lawyer's error of interpretation is a valid ground for relief only where the problem is "complex and debatable." (*City of Ontario* v. *Superior Court, supra,* 2 Cal.3d at p. 346.) ■ The trial court here admitted that section 869 is ambiguous, but rejected good cause arguments because it concluded that interpretation of section 869 was not a "complex" issue which could have been determined either way. We disagree with the court on this point of law. Only by digging several layers beneath the perplexing and ambiguous wording of section 869 could one discover that the second sentence does not excuse third party agencies from using the validating proceedings when challenging the actions of another agency. The court abused its discretion in rejecting the claim of "good cause."

We issue a peremptory writ of mandate in the first instance. (§ 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the San Mateo County Superior Court to vacate its order dismissing petitioners' action and to enter

a new order granting petitioners relief from their failure to meet the time requirements for service of summons.

White, P. J., and Strankman, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied June 21, 1989.