[No. C009912. Third Dist. Sept. 8, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN PLACENCIA, Defendant and Appellant.

**COUNSEL**

Donald Masuda for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, Michael J. Weinberger and Margaret Garnand Venturi, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMS, J.**—This case presents the question whether *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071] requires an appellate court to conduct a review of the entire record and determine whether any arguable issues exist when such a request is made by *retained* counsel in a criminal appeal. *Wende* held such a review was required when appointed counsel submitted a brief raising no specific issues. We conclude *Wende* cannot be extended to impose such a requirement when the defendant is represented by retained counsel on appeal. Accordingly, we affirm the judgment.

Defendant was convicted of various criminal offenses and was sentenced to state prison. He has appealed.

Attorney Donald Masuda was *retained* by defendant on appeal. Masuda has filed a brief that fails to allege error by the trial court but invites this court to review the record pursuant to *People* v. *Wende, supra.*

I

Since 1963, an indigent defendant in a criminal case has had the right to appointed counsel on the first appeal. (*Douglas* v. *California* (1963) 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814].) Until 1967, appointed counsel was required to file only a "no merit" letter when no meritorious issues were found. (*In re Nash* (1964) 61 Cal.2d 491 [39 Cal.Rptr. 205, 393 P.2d 405].) In *Anders* v. *California* (1967) 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396], the United States Supreme Court held such a practice unconstitutional. In order to ensure the indigent defendant received equal access to justice, *Anders* required appointed counsel to act in the role of an "active advocate." (*Id.* at pp. 742-744 [18 L.Ed.2d at pp. 497-498].)

*Anders* set forth a procedure for appointed counsel to follow. If, after examining the record, counsel found the case was "wholly frivolous," counsel was required to advise the court and seek permission to withdraw. That request was to be accompanied by a brief setting out anything in the record that might arguably support the appeal. Counsel also was required to provide the indigent defendant with a copy of the brief; the latter was given

the opportunity to raise any points he chose. Finally, the court was required to examine the record and determine whether the appeal was a frivolous one. (386 U.S. at pp. 744-745 [18 L.Ed.2d at pp. 498-499].)

Following *Anders*, in *People* v. *Feggans* (1967) 67 Cal.2d 444, 447 [62 Cal.Rptr. 419, 432 P.2d 21], our Supreme Court held that appointed counsel must set forth the facts and applicable law and "argue all issues that are arguable." In 1978, anticipating *Wende*, the Court of Appeal suggested that "appellate counsel who eschews manufacturing issues where none exists achieves a real benefit for his client," since under those circumstances compliance with *Anders* and *Feggans* required the court itself to review the entire record, not merely that portion discussed by counsel. (*People* v. *McGee* (1978) 82 Cal.App.3d 127, 129 [146 Cal.Rptr. 833].)

In *Wende, supra,* 25 Cal.3d 436, the Supreme Court adopted the *McGee* approach, concluding that "*Anders* requires the court to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Wende*, at p. 441.) The court recognized that under such a standard, counsel might obtain a more complete review when no arguable issues are found than when specific issues are raised, since review of the entire record is not necessarily required in the latter situation. (*Id.* at p. 442.) However, the court, noting its holding was compelled by *Anders*, expressed confidence that counsel would continue thoroughly to review the record and raise all arguable issues. (*Wende*, at p. 442.)

*People* v. *Johnson* (1981) 123 Cal.App.3d 106, 109 [176 Cal.Rptr. 390] considered whether appointed counsel was obligated to file a brief raising arguable but unmeritorious issues. The court held under such circumstances a *Wende* brief was appropriate, raising no issues. (*Id.* at p. 112.) It defined an arguable issue on appeal that counsel would be expected to present as one which was "meritorious," having a "reasonable potential for success." Further, "if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*Id.* at p. 109.)

Following *Wende*, questions about its scope have been considered in a number of different contexts involving appointed counsel. *Johnson* addressed the issue presented by a brief where appointed appellate counsel raised a substantive issue and requested an independent review by the court. In rejecting the defendant's argument, premised on equal protection grounds, that she was entitled to independent review, *Johnson* pointed out the defendant was not similarly situated to a member of the group entitled to *Wende*

relief. The court defined that group as "all persons whose appointed counsel can find no arguable issue on appeal." (*People* v. *Johnson, supra,* 123 Cal.App.3d at p. 110; accord *People* v. *Woodard* (1986) 184 Cal.App.3d 944, 945-947 [229 Cal.Rptr. 350]; *In re Edward S.* (1982) 133 Cal.App.3d 154, 157-158 [183 Cal.Rptr. 733].)

■ The mandate of *Wende* has been applied in other situations. For example, in a misdemeanor appeal an appellate court must review the entire record when appointed counsel submits a brief raising no specific issues. (*In re Olsen* (1986) 176 Cal.App.3d 386, 389-392 [221 Cal.Rptr. 772].) *Wende* also applies to a conservatorship proceeding (*Conservatorship of Besoyan* (1986) 181 Cal.App.3d 34, 38 [226 Cal.Rptr. 196]), termination of parental rights proceeding (*In re Joyleaf W.* (1984) 150 Cal.App.3d 865, 868-869 [198 Cal.Rptr. 114]), and dependency proceedings (*In re Brian B.* (1983) 141 Cal.App.3d 397, 398-399 [190 Cal.Rptr. 153]).

Courts have refused to expand *Wende* to other civil cases generally. (*Berger* v. *Godden* (1985) 163 Cal.App.3d 1113, 1117, fn. 2 [210 Cal.Rptr. 109]; *Grillo* v. *Smith* (1983) 144 Cal.App.3d 868, 873, fn. 3 [193 Cal.Rptr. 414].) Furthermore, no court has considered the applicability of *Wende* to appointed counsel defending a People's appeal. However, one authority has suggested *Wende* principles probably should be applied under such circumstances. (Appeals and Writs in Criminal Cases (Cont.Ed.Bar Supp. 1992) § 1.14.)

## II

We have discovered no federal or California authority on the question whether it is appropriate for counsel *retained* on appeal to file a brief pursuant to *Anders* or *Wende*. Each of the three leading cases—*Anders, Feggans,* and *Wende*—involved appointed counsel. Moreover, from the language used in each opinion, it is apparent the concern was with indigent defendants and appointed counsel. (*Wende,* 25 Cal.3d at p. 441; *Anders,* 386 U.S. at pp. 744-745 [18 L.Ed.2d at pp. 498-499]; *Feggans,* 67 Cal.2d at pp. 447-448.)

In *Harold* v. *State* (Fla.Dist.Ct.App. 1984) 450 So.2d 910, 911, the defendant's privately retained counsel filed an "*Anders* brief" and a motion for leave to withdraw as counsel. The Florida appellate court, concluding that privately retained counsel are not permitted to file an *Anders* brief, struck the brief and denied the motion to withdraw. As the court pointed out, *Anders* was concerned with assuring indigent defendants the same rights on appeal enjoyed by defendants able to afford the retention of counsel. (*Harold* v. *State, supra,* at pp. 911-914.)

The court rested its holding on the different situations presented by publicly appointed counsel and private counsel when counsel determines an appeal is not warranted. "If the public defender believes the appeal to be meritless, he cannot simply recommend that his client obtain other counsel. The public defender must either obtain his client's consent to dismiss the appeal or review the record and bring to the appellate court's attention, by way of an *Anders* brief, any possible grounds for reversal." (*Harold* v. *State, supra,* 450 So.2d at p. 913.)

Private counsel, on the other hand, has additional options. Besides the possibility of securing the client's permission to dismiss the appeal, private counsel also may advise the client to obtain other counsel, or move to withdraw from the case. The paying client then may seek other counsel. "By this method the rights of the client in securing counsel and the ethical obligations of a lawyer who thinks the appeal has no merit are balanced, and neither prejudices the other." (*Harold* v. *State, supra,* 450 So.2d at p. 913.)

We have located one other decision involving the filing of an *Anders* brief by retained counsel. In *People* v. *Harwell* (1972) 8 Ill.App.3d 275 [290 N.E.2d 366], the defendant's privately retained counsel filed an *Anders* brief and a motion to withdraw. Without discussion of the issue posed by such action, the Illinois appellate court examined the record before concluding there was no merit to the appeal. (*People* v. *Harwell, supra,* 290 N.E.2d at p. 367.) It granted counsel's motion to withdraw and affirmed the judgment. (*Ibid.*) ▓ Since a decision is not authority for an issue not considered (*Millbrae School Dist.* v. *Superior Court* (1989) 209 Cal.App.3d 1494, 1500 [261 Cal.Rptr. 409]), we deem the decision in *Harwell* of little relevance to this case.

## III

One commentator has suggested, based on equal protection principles, that a wealthy defendant should be afforded the same level of review given to an indigent defendant, and that some defendants with retained counsel might have no additional funds with which to employ substitute counsel if they are unhappy with the performance of their first counsel. (See California Criminal Law Procedure and Practice (Cont.Ed.Bar Supp. 1990) § 42.24.)

Another commentator has argued that the client able to retain counsel does not necessarily receive better representation than the indigent defendant for whom counsel is appointed. Citing a pre-*Wende* case, *People* v. *Taylor* (1974) 39 Cal.App.3d 495, 497 [114 Cal.Rptr. 169], which stated in another context "[t]he rules that apply to appointed counsel on indigent appeals also apply to

retained counsel on nonindigent appeals," that commentator suggested "equal justice for all" requires application of *Wende* to defendants with retained counsel as well as to those with appointed counsel. (Comment, *People* v. *Wende: A Standard of Review on Appeal for Indigent Criminal Defendants* (1981) 13 U. West L.A. L.Rev. 257, 265-266.)

■ "The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." (*In re Eric J.* (1979) 25 Cal.3d 522, 530 [159 Cal.Rptr. 317, 601 P.2d 549], italics in original.) ■ We are not persuaded that the indigent defendant is similarly situated to the defendant who is able to afford to retain counsel on appeal. As *Wende* observed, "[t]he thrust of *Anders* was to increase the protection afforded indigent appellants." (*People* v. *Wende, supra*, 25 Cal.3d at p. 441.) It has been said that the focus of *Wende* was to extend the concept of "equal justice for all" to the indigent defendant. (Comment, *People v. Wende: A Standard of Review on Appeal for Indigent Criminal Defendants, op. cit. supra*, at p. 264.) It is as a consequence of the unequal position of the indigent defendant that the state's intervention into the appointing process is compelled on appeal.

When a defendant retains counsel on appeal, it is expected that counsel will either file a brief asserting arguable issues or advise the defendant to abandon the appeal. Under such circumstances, there is simply no need to interpose the appellate court into the process, placing it in the position of "second-guessing" counsel employed by the defendant. After private counsel has appeared for the defendant, the state's interest is a narrow one, limited to ensuring compliance with applicable standards of professional responsibility. Thus, considerations of equal protection do not seem pertinent. (See *United States* ex rel. *O'Brien* v. *Maroney* (3d Cir. 1970) 423 F.2d 865, 869-870.)

The situation is vastly different when the defendant cannot afford to hire counsel. There, the appellate court becomes the appointing authority, fulfilling the constitutional requirement of providing the indigent defendant with counsel on appeal. In such a case, where appointed counsel submits a brief raising no issues, it is incumbent upon the appellate court to review the record. Making such a review serves to protect the indigent defendant which, as *Wende* pointed out, is the fundamental purpose of the procedure. Accordingly, we conclude the two groups are not similarly situated, and hold that, where the defendant retains counsel on appeal, the *Wende* procedure is inapplicable.

## IV

■ If, following review of the record, retained counsel believes no arguable issue can be presented, counsel must discuss that conclusion with

the client and either obtain permission from the client to dismiss the appeal or move to withdraw from the case. Counsel also must advise the client to consider obtaining other counsel. By taking these steps, privately retained appellate counsel ensures that the rights of the paying client in securing counsel are protected.

The judgment is affirmed.

Puglia, P. J., and Raye, J., concurred.