PARKER, Acting Chief Judge.
Roger Bunger appeals the summary denial of his motion for postconvietion relief. We reverse the trial court’s order which stated that the motion was untimely.
Bunger was sentenced for multiple counts in Circuit Case No. 91-11882 on October 27, 1992. Bunger correctly alleges in his motion that this court affirmed his appeal of those sentences on November 30, 1994. See Bun-ger v. State, 646 So.2d 200 (Fla. 2d DCA 1994). Our records confirm that the appeal involved the same circuit case number which is the subject of Bunger’s motion.[1] Bunger filed the motion for postconviction relief on October 15, 1994. In denying Bunger’s motion, the trial court stated that no appeal was taken in this case and that more than two years had elapsed since Bunger’s sentence was imposed. This court’s records confirm that the trial judge mistakenly concluded that Bunger did not appeal the sentences in that case. Accordingly, we conclude that Bunger timely filed his motion within the two-year time limit permitted by Florida Rule of Criminal Procedure 3.850(b).[2]
We reverse the summary denial of Bun-ger’s motion and remand this matter to the trial court. If the trial court again summarily denies the motion, it shall attach such *869 portions of the record which conclusively refute Bunger’s allegations. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
Reversed and remanded.
ALTENBERND and WHATLEY, JJ., concur.

. This court takes judicial notice of its records pursuant to section 90.202(6), Florida Statutes (1995).

. For the purpose of filing a timely rule 3.850 motion, if no petition for writ of certiorari is filed, the judgment and sentence become final when the appellate court issues its mandate. Huffv- State, 569 So.2d 1247 (Fla.1990).