COPE, J.
Michael Ojeda petitions for a belated appeal. See Fla. R.App. 9.140(j). We grant the petition.
After his conviction of armed burglary and unlawful possession of a firearm, defendant’s privately retained counsel initiated an appeal in this court. Thereafter, counsel filed a motion to dismiss the direct appeal, reciting that counsel had thoroughly researched all potential issues for direct appeal and could find no meritorious ground for appeal. Counsel requested that the appeal be dismissed, without prejudice to the defendant to pursue collateral relief under Florida Rule of Criminal Procedure 3.850. This court treated the motion as a notice of voluntary dismissal, and dismissed the appeal.
Thereafter defendant filed this petition for belated appeal, stating under oath that counsel had not advised him of his intention to abandon the appeal, and that he only learned of the voluntary dismissal after the fact. The petition was supported as well by the affidavit of defendant’s mother, who had acted on her son’s behalf in retaining, and paying, counsel.
This court on its own motion appointed the public defender to represent the defendant. The public defender argues that the defendant is entitled to a belated appeal, while the State opposes such relief. We conclude that the public defender is correct and that defendant is entitled to a belated appeal.
Defendant’s counsel in this case was privately retained, not court-appointed. Where appellate counsel is court-appointed and decides that the appeal would be wholly frivolous, counsel follows the procedure outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), see also Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000), and files a so-called Anders brief. In that situation, the defendant is also given the opportunity to file a pro se statement of points and authorities in support of the appeal.
However, where counsel is privately retained (the situation now before us), the requirements of Anders v. California do not apply, and privately retained counsel is not required to file an Anders brief. Instead, the procedural alternatives are as follows:
[I]f private counsel determines that he cannot ethically and properly present his client’s appeal, he has the option to either 1) secure his client’s permission to *814 dismiss the appeal, after fully disclosing to his client his opinion as to the merits of the appeal; 2) advise his client to obtain other counsel, meanwhile taking such steps as are reasonably necessary to avoid foreseeable prejudice to the rights of the client; or 3) move to withdraw from the case, refunding any portion of a pre-paid fee which has not yet been earned. The paying client then is free to seek other counsel who can argue his cause. By this method the rights of the client in securing counsel and the ethical obligations of a lawyer who thinks the appeal has no merit are balanced, and neither prejudices the other.
Harold v. State, 450 So.2d 910, 913 (Fla. 5th DCA 1984) (citation omitted). Under all three options, the defendant has an opportunity to seek substitute counsel or proceed pro se.[1]
The defendant’s sworn motion indicates that the defendant was not informed about the motion to dismiss the appeal, did not consent to it, and did not learn about it until after the dismissal had taken place. The State has not requested a hearing at which to controvert those allegations. Accepting those statements as true for present purposes, privately retained counsel did not follow appropriate procedure in voluntarily dismissing the appeal, and defendant is entitled to a belated appeal. As the public defender has determined that defendant qualifies for representation, the public defender is appointed for purposes of the present appeal.
Petition granted.

. The third option involves the filing of a motion to withdraw from the representation. A motion to withdraw must be served on the client as well as the adverse parties. See Fla. R. Jud. Admin. 2.060(j). Thus, the client is informed of the motion to withdraw no later than the time the motion is made, and the court typically allows a period of time for the client to obtain substitute counsel.