PER CURIAM.
Hector Pena appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because Pena presented three issues that are not conclusively refuted by the record, we reverse as to these issues. We affirm the trial court’s order in all other respects.
Pena alleges that his trial counsel did not investigate his case and was unprepared for the trial. Pena maintains that the lack of preparation resulted in the defense witnesses identified by Pena not being called to testify and in exculpatory evidence not being admitted into evidence.
According to Pena, trial counsel admitted that he was unprepared and unsuccessfully sought a continuance. To assist in the resolution of these issues, this court has taken judicial notice of the court records of Pena’s direct appeal. See Bunger v. State, 687 So.2d 868 (Fla. 2d DCA 1997). The appellate record shows that Pena’s trial counsel was adamant in his representations to the trial court that he had not *1185 obtained witnesses and had not investigated the case.
The trial court addressed the issues by-stating that counsel unsuccessfully sought a continuance and that the denial of the continuance should have been addressed on appeal. However, this is an issue for postconviction relief rather than an issue for direct appeal because counsel, having been retained eight months prior to the trial, apparently failed to use this time to investigate Pena’s case and prepare for the trial. Consequently, the denial of the continuance was proper. However, the adequacy of trial counsel’s performance and its effect on the outcome of the trial must be reconsidered by the trial court. If the trial court determines without an eviden-tiary hearing that counsel’s performance was adequate or that counsel’s inadequacy did not prejudice Pena, it must attach the documents from the court file that support its conclusions to the order denying relief. Otherwise, the trial court must conduct an evidentiary hearing on Pena’s issues.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and BLUE and WHATLEY, JJ., Concur.