PER CURIAM.
Keith Brennan appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Brennan claims that his counsel was ineffective in failing to develop the facts necessary to support his motion to suppress his confession and other admissions. This claim is not conclusively refuted by the record before this court. Accordingly, the order denying Brennan *419 relief is reversed as to this issue and affirmed as to all other issues raised in the motion.
Brennan was convicted of first-degree murder and robbery with a deadly weapon. He was sentenced to death on the murder charge and appealed to the Florida supreme court. The supreme court affirmed his convictions and vacated Brennan’s death sentence, reducing Brennan’s sentence to life in prison without the possibility for parole for the. murder charge. See Brennan v. State, 754 So.2d 1 (Fla.1999).
In his postconviction motion, Brennan asserts that his counsel failed to argue at the motion to suppress hearing that the police continued to interrogate Brennan after he unequivocally requested counsel. Brennan argues that counsel failed to make this argument because counsel failed to consult with Brennan to develop the facts surrounding the incident. The trial court denied this claim because counsel filed a motion to suppress Brennan’s confession and other admissions. To support its order, the court attached only the motion to suppress, which argued that the written and oral statements were obtained from Brennan in violation of his right to counsel and his privilege against self-incrimination. The trial court did not attach the transcript of the motion to suppress hearing. The motion to suppress does not indicate the facts developed by counsel to support it and it thus fails to refute Brennan’s claim.
An attorney may be ineffective for failing to investigate the facts surrounding an offense and for failing to adequately prepare for trial. Pena v. State, 773 So.2d 1184 (Fla. 2d DCA 2000) (remanding for determination of whether counsel was ineffective for failing to investigate and prepare for trial). Brennan’s allegation that his counsel failed to develop the facts demonstrating that he made an unequivocal request for counsel prior to his confession constitutes a facially sufficient claim for relief because a motion to suppress would be well taken under those circumstances. See Shook v. State, 770 So.2d 1261 (Fla. 1st DCA 2000) (reversing for a new trial when the trial court erroneously denied a motion to suppress based on continued interrogation following the defendant’s unequivocal request for counsel).
Accordingly, we reverse the trial court’s order as to this claim and remand for further proceedings. If the trial court should again deny this claim, it must either attach those portions of the record that conclusively refute the claim or hold an evidentiary hearing. We affirm the remainder of the trial court’s order without comment.
Affirmed in part, reversed in part, and remanded for further proceedings.
PATTERSON, C.J., and WHATLEY and NORTHCUTT, JJ„ Concur.