IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

February 26, 2016


VINCENT HARRISON, )
)
        Petitioner, )
)
v. )     Case No. 2D15-2436
)
STATE OF FLORIDA, )
)
        Respondent. )
_____ )


BY ORDER OF THE COURT:


        This court on its own motion withdrew the opinion issued in this case on

December 23, 2015. The attached opinion, which is substantially revised, is issued in

its place. Mr. Harrison's motion for rehearing is denied as moot, but he has the right to

seek rehearing from this opinion.


I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.


_____
MARY ELIZABETH KUENZEL, CLERK

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED.

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

VINCENT HARRISON,

        Petitioner,

v.                                  Case No. 2D15-2436

STATE OF FLORIDA,

        Respondent.

_____

Opinion filed February 26, 2016.

Petition Alleging Ineffective Assistance of
Appellate Counsel  Hillsborough County;
Chet A. Tharpe, Judge.

Vincent Harrison, pro se.

ALTENBERND, Judge.

        In his timely petition filed under Florida Rule of Appellate Procedure 9.141(d), Mr. Harrison alleges that his private appellate counsel was ineffective for advising him to sign a notice of voluntary dismissal and then filing it for him after she determined that she was unable to write a brief on his behalf.  Mr. Harrison contends that his appellate counsel should have instead filed a merits brief arguing that his convictions for robbery with a firearm and dealing in stolen property violate the prohibitions against double jeopardy because both convictions are based on the theft of

the same property. We deny Mr. Harrison's petition because he cannot demonstrate that his appellate counsel's failure to file such a brief in his direct appeal prejudiced him. See Rutherford v. Moore, 774 So. 2d 637, 643 (Fla. 2000) ("If a legal issue 'would in all probability have been found to be without merit' had counsel raised the issue on direct appeal, the failure of appellate counsel to raise the meritless issue will not render appellate counsel's performance ineffective." (quoting Williamson v. Dugger, 651 So. 2d 84, 86 (Fla. 1994))). See also Valdes v. State, 3 So. 3d 1067, 1068 (Fla. 2009) (receding from precedent that applied the "primary evil" test to interpret section 775.021(4)(b)(2), Florida Statutes (2008), and holding that the statute prohibits separate punishments for crimes arising from the same criminal transaction only when a criminal statute defines an offense with multiple degrees); State v. Zanger, 572 So. 2d 1379, 1380 (Fla. 1991) (holding that section 812.025, Florida Statutes (1983), does not prohibit convictions for both robbery and dealing in stolen property).

Mr. Harrison's petition and its attachments caused this court to realize that privately retained appellate attorneys may not fully appreciate the options available to them when they are representing a client who is legally indigent. The record also suggests that private counsel might be well advised when filing a notice of voluntary dismissal to document carefully a client's informed consent to that decision.[1] We write to briefly explain these matters.

In late 2012, Mr. Harrison's assistant public defender filed a notice of appeal in circuit court. Mr. Harrison appealed his judgment and sentences for robbery

---

[1]We do not identify the attorney who represented Mr. Harrison because there is nothing in this record to suggest that the attorney did anything that was not fully professional and effective.

with a firearm, armed carjacking, and dealing in stolen property. For the two major offenses, he was sentenced to life in prison.[2] The circuit court entered an order of insolvency and an order appointing the public defender to represent Mr. Harrison in his appeal to this court.

After the record had been prepared and received by this court, a private attorney filed a notice of appearance, and the appellate public defender was allowed to withdraw as counsel in May 2013. The record was transferred to the new attorney, who appropriately obtained an extension of time to review the record and determine what issues might be presented on Mr. Harrison's behalf.[3]

In September, the new attorney filed a motion to stay the case explaining that "it is highly likely that the instant appeal can be resolved without a merits determination." This court granted that motion, reminding counsel that any notice of voluntary dismissal must be signed by Mr. Harrison. At about the same time, the new attorney's legal assistant wrote a letter to Mr. Harrison confirming a telephone conversation between Mr. Harrison and the attorney. A notice of voluntary dismissal was enclosed, and the letter asked Mr. Harrison to sign and return the notice of voluntary dismissal at his earliest convenience. The letter concludes: "As you and [the attorney] discussed she will not file the notice unless she is unable to write a [b]rief on

---

[2]Mr. Harrison has indicated in some of his filings that his counsel should have challenged his life sentence for armed carjacking. Life is a legal sentence for this offense. See § 812.133(2)(a), Fla. Stat. (2011).

[3]We have reviewed this court's record in the direct appeal, case number 2D12-5648. See Bunger v. State, 687 So. 2d 868, 868 n.1 (Fla. 2d DCA 1997) (taking judicial notice of this court's direct appeal records in a postconviction appeal).

your behalf." That notice of voluntary dismissal, entirely sufficient upon its face, was filed in this court in mid-October, and this court dismissed the appeal.

We have no doubt that the new attorney fully reviewed the record in Mr. Harrison's case and determined that there was no issue that she could brief in good faith. As private counsel, under Florida law, she had no right to file an Anders[4] brief for Mr. Harrison.[5] See Harold v. State, 450 So. 2d 910, 913-14 (Fla. 5th DCA 1984)[6]; see also In re Anders Briefs, 581 So. 2d 149, 151 (Fla. 1991) (setting forth the procedure for appointed counsel and their indigent clients in Florida pursuant to Anders). The letter, however, suggests that Mr. Harrison signed the notice of voluntary dismissal before his counsel concluded that the record presented no issue of arguable merit. We do not know what additional conversations the attorney and client may have had before the notice of voluntary dismissal was filed. Perhaps inadvertently, the language of the legal assistant's letter in this case opened the door to Mr. Harrison's claim that he did not knowingly dismiss his appeal.

Because Mr. Harrison was legally indigent when this appeal commenced and probably still was when the appeal was dismissed, this court would likely have

---

[4]Anders v. California, 386 U.S. 738 (1967).

[5]By contrast, the Second Circuit allows retained counsel to file an Anders motion to withdraw. See United States v. Urena, 23 F. 3d 707, 709 (2d Cir. 1994).

[6]One California decision discusses the Harold decision and the options available to private counsel short of filing a voluntary dismissal. See People v. Placencia, 11 Cal. Rptr. 2d 727, 729-30 (Cal. Ct. App. 1992). It points out that it found one instance in which an appellate court conducted a full review of a record for error even though the defendant was represented by private counsel. Id. at 730. The court discusses and rejects an equal protection argument that arises because indigent appellants are entitled to the extra rights provided by Anders, while appellants who can afford private counsel are not extended those rights. Id. at 730-31.

- 4 -

provided an opportunity for Mr. Harrison to seek the reappointment of the public defender if the privately retained attorney had filed a motion to withdraw from the case. That would at least have allowed for the public defender to file an <u>Anders</u> brief, if appropriate; allowed for Mr. Harrison to file his own brief; and would have then triggered this court's independent review. We are not suggesting that a privately retained counsel must always file such a motion. We merely suggest that counsel should understand this option exists when counsel has discerned no grounds to maintain an appeal on behalf of an indigent client.

Petition denied.

WALLACE and BLACK, JJ., Concur.