YEGAN, Acting P.J., Concurring:
"Wise adjudication has its own time for ripening." ( *580 Maryland v. Baltimore Radio Show, Inc. (1950) 338 U.S. 912, 918, 70 S.Ct. 252, 94 L.Ed. 562, 566.) We do not rule or opine that the instant appeal is frivolous. The appeal is easily affirmed by the application of long standing rules. But in my view, the appeal raises the hypothetical issue of the proper role of retained counsel in a criminal appeal. What should retained counsel in a criminal appeal do when he or she examines the record and determines that the appeal is not only without merit but that "no reasonable attorney could have thought it meritorious ...." (In re Marriage of Flaherty (1982) 31 Cal.3d 637, 650, 183 Cal.Rptr. 508, 646 P.2d 179.) Such an appeal is "frivolous."
There is a statutory right to appeal and counsel is duty bound to represent his or her client. At the same time, counsel is an officer of the court and is duty bound not to maintain or continue a "frivolous" proceeding. The answer was suggested a quarter of a century ago by Justice Sims speaking for the Third District Court of Appeal: Privately retained counsel has the "possibility of securing the client's permission to dismiss the appeal, private counsel also may advise the client to obtain other counsel, or move to withdraw from the case. The paying client then may seek other counsel. 'By this method the rights of the client in securing counsel and the ethical obligations of a lawyer *1106 who thinks the appeal has no merit are balanced, and neither prejudices the other.' [Citation.]" (People v. Placencia (1992) 9 Cal.App.4th 422, 427, 11 Cal.Rptr.2d 727.)
The Wende procedures available for appointed counsel are well known and need not be repeated. (People v. Wende ( 1979) 25 Cal.3d 436, 158 Cal.Rptr. 839, 600 P.2d 1071.) They do not apply to retained counsel. (People v. Placencia , supra, 9 Cal.App.4th at p. 428, 11 Cal.Rptr.2d 727.) This does not mean that a defendant with financial resources to retain counsel has the right to maintain or continue a "frivolous" proceeding. "When retained counsel [in a criminal appeal] concludes that an appeal would be frivolous, he or she has a duty to advise the client that it would be a waste of money to prosecute the appeal and that it would be unethical for the lawyer to go forward with it." (McCoy v. Court of Appeals of Wisconsin, Dist. 1 (1988) 486 U.S. 429, 437, 108 S.Ct. 1895, 100 L.Ed.2d 440, 452.) "An attorney, whether appointed or paid, is ... under an ethical obligation to refuse to prosecute a frivolous appeal." (Id. at p. 436, 108 S.Ct. 1895, fn. omitted.)