Filed 8/6/14 Unmodified opinion attached

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. STEVEN AKEEL HERNANDEZ, Defendant and Appellant. | G049024 (Super. Ct. No. 13CF1955) ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed herein on July 29, 2014, be modified as follows:

1. On page 2, last sentence of the second full paragraph, beginning "We notified defendant" is deleted and the following sentence is inserted in its place:

We granted defendant 30 days to file a supplemental brief. This period passed and we have received no communication from him.

2. On page 2, last sentence of the third full paragraph, beginning "We decline to do so and publish" is deleted and the following sentence is inserted in its place:

We decline to do so and publish this opinion to reaffirm the decision of another panel in our district which, over 30 years ago, rejected *Anders/Wende* briefs presenting, "'arguable-but-unmeritorious' issue[s]." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

3. On page 3, second sentence of the second paragraph of the Discussion, beginning "Long ago, this court" is deleted and the following sentence is inserted in its place:

Long ago, another panel in this district discredited the custom of raising "'arguable-but-unmeritorious' issue[s]" in *Anders/Wende* appeals; yet this practice persists.

There is no change in the judgment.


RYLAARSDAM, ACTING P. J.

WE CONCUR:


BEDSWORTH, J.


THOMPSON, J.


2

Filed 7/29/14 Unmodified opinion

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G049024 |
|       v. | (Super. Ct. No. 13CF1955) |
| STEVEN AKEEL HERNANDEZ, | O P I N I O N |
|    Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Dan McNerney, Judge. Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

\*        \*        \*

A jury convicted defendant Steven Akeel Hernandez of having committed vandalism causing less than $400 in damages (Pen. Code, § 594, subd. (a) & (b)(2)(A); all further statutory references are to this code). Because the jury also found the vandalism was committed for the benefit of a criminal street gang (§ 186.22, subd. (d)), the crime is a felony. The trial court suspended imposition of sentence and placed defendant on three years formal probation, with conditions that included service of 170 days in the county jail, and the payment of a restitution fine and fees. He filed a timely notice of appeal.

We appointed counsel to represent defendant. Counsel filed a brief summarizing the facts of the case and, while not arguing against defendant, advised us he found no issues to argue in his behalf. (*Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] (*Anders*); *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We notified defendant he could file written argument on his own behalf, but the period to do so has passed and we have received no communication from him.

While appellant counsel's opening brief states he could not find any arguable issues to raise, he does suggest some issues for us to consider in conducting our independent review of the record. We decline to do so and publish this opinion to reaffirm our long-standing rejection of *Anders/Wende* briefs presenting "'arguable-but-unmeritorious' issue[s]." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

FACTS

Park patrons alerted Sandra Garcia, a worker at a community center, to apparent graffiti spraying. From her window, she saw a man shaking a can, then moving to a tree, making a circular motion. She called 911 and reported the incident. Garcia described two men. She identified defendant as the person she had seen with the spray can.

2

Police officer Abelardo Oropeza was nearby. He noticed two persons, including defendant, standing near the tree. He also observed graffiti on the tree and on the wall of a nearby handball court. The paint was fresh. Oropeza confronted the two persons and defendant became angry and yelled profanities at the officer. When defendant was apprehended shortly thereafter, Oropeza noticed black paint on his finger.

Oropeza also qualified as an expert on criminal street gangs. He testified as to the existence and nature of a criminal street gang named the Alley Boyz, identified the individual arrested with defendant as a member of that gang, and expressed the opinion defendant acted for the benefit of the Alley Boyz gang.

DISCUSSION

We independently examined the record, including a sealed transcript of a hearing on defendant's unsuccessful motion for discovery of Officer Oropeza's personnel records (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531) and found no arguable issue.

Appellate counsel's opening brief suggests we consider two other issues: (1) whether the court erred in failing to bifurcate the vandalism charge from the gang enhancement; and (2) whether the court erred in admitting certain out-of-court statements for a nonhearsay purpose. Long ago, this court discredited the custom of raising "'arguable-but-unmeritorious' issue[s]" in *Anders/Wende* appeals; yet this practice persists. As Justice Gardner noted in *People v. Johnson, supra,* 123 Cal.App.3d 106, "In this case we reject a concept which has crept into our judicial literature—the 'arguable-but-unmeritorious' issue on appeal. We hold that an arguable issue on appeal consists of two elements. First, the issue must be one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue

3

must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*Id.* at p. 109.)

Justice Gardner, in support of this holding, quotes from a pre-*Wende* case, *People v. McGee* (1978) 82 Cal.App.3d 127, where Justice Kaus stated: "We might point out that appellate counsel who eschews manufacturing issues where none exists achieves a real benefit for his client. Here . . . we carefully considered the record before advising defendant that he could file his own brief and before filing this opinion dismissing the case. In doing so we reviewed not only those portions of the record which counsel discussed but the entire record—an inspection we are not compelled to make when counsel only raises specific issues on appeal. An attorney who cannot discover an arguable issue thus secures an appellate review of the record which is not necessarily enjoyed by his more feisty counterpart who raises one or two frivolous issues, easily disposed of by the inspection of a few pages of transcript." (*Id*. at p. 129.) Justice Gardner concluded "the answer to this dilemma is to jettison the concept of 'arguable-but-unmeritorious' issues." (*People v. Johnson, supra*, 123 Cal.App.3d at p. 111.) We agree.

We recognize that, in *AndersWende* appeals, we are obligated to briefly describe the defendant's crimes, the facts and procedural history of his or her conviction, plus the punishment imposed. (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124.) Also, if the defendant personally files a brief, we must address the issues raised by him or her. (*Id.* at p. 124.) But there is no such obligation with respect to counsel supplied so-called "'arguable-but-unmeritorious' issues." (*People v. Johnson, supra,* 123 Cal.App.3d at p. 111.) Therefore, as to the issues suggested by counsel, we agree with counsel the issues are not meritorious and we therefore decline to address them further.

4

DISPOSITION

The judgment is affirmed.

**CERTIFIED FOR PUBLICATION**


                              RYLAARSDAM, ACTING P. J.

WE CONCUR:


BEDSWORTH, J.


THOMPSON, J.


5